# WINCHESTER & PARTRIDGE MANUFACTURING COMPANY *v.* FUNGE.

APPEAL FROM THE SUPREME COURT OF UTAH TERRITORY.

Submitted December 6th, 1883.—Decided January 7th, 1884.

*Contract.*

For the purpose of settling a debt, the debtor gave to the creditor orders for 25 wagons, and the creditor gave to the debtor a written receipt, which he

accepted, stating that the wagons were to be received in payment of the claim, provided they were delivered to the creditor in good condition and merchantable order, and that it was understood and agreed that if the wagons were so delivered in good condition they were to be sold for the highest prices that could be obtained for them, and the surplus, after paying the debt and cost of selling, should be refunded to the debtor ; 21 of the wagons were delivered, but none of them were in good condition and merchantable order ; the creditor sold 19 of them and made ineffectual efforts to sell the other 2, and, after crediting the net proceeds of sale, sued the debtor to recover the balance of the debt : *Held*, That the receiving the 21 wagons and proceeding to sell them was an acceptance of them *pro tanto* in payment of the claim ; that the contract for the payment in wagons was unfulfilled as to the 4 wagons not delivered ; and that the price for which the 19 wagons were sold, and the selling value of the 2 not sold, had no bearing on the case, unless there was a surplus of the proceeds of sale to be refunded to the debtor, under the contract.

This was an appeal from the Supreme Court of Utah Territory, in a suit brought in the First Judicial District Court of that Territory, in March, 1882, by the appellant, a Wisconsin corporation, against the appellee, to recover the sum of $1,444.90 and interest from the filing of the complaint. The complaint contained two counts. The first set forth that appellee owed the appellant $2,832.40, for a balance of an account; that, for the purpose of settling such indebtedness, the appellee gave to the appellant's agents, on the 28th of October, 1880, six orders on six different parties in Utah Territory, for the delivery to such agents of wagons, 25 in number, the orders being severally for 1, 3, 2, 5, 9 and 5 wagons; that, at the same time, said agents executed and delivered to the appellee a receipt, which he accepted, as follows :

" Received from W. W. Funge orders on the respective parties named in the annexed list, for wagons therein mentioned, which wagons are to be received in payment of the claim of Winchester & Partridge Manufacturing Company against said Funge for twenty-eight hundred and thirty-two dollars and forty cents : Provided the said wagons are delivered to said Winchester & Partridge Manufacturing Company, or their agents, W. W. Burton & Co., in good condition and merchantable order, at the respective places named in said orders, on presentation thereof ; and it is understood and agreed that if said

wagons are so delivered in good condition and promptly, as afore-said, they are to be sold to the best advantage and for the highest prices that can be obtained for them, and any surplus of the proceeds thereof that may remain after paying said debt of $2,832.40, and the actual and necessary cost of selling the same, is to be refunded to said Funge, unless prior to that time he shall have been paid two hundred dollars ($200), which he agrees, at their option, to take in lieu of said surplus, and in full settlement of his account with said company."

That four of the wagons covered by the order for 9 wagons were not delivered; that 21 of the wagons were delivered, but were none of them in good condition and merchantable order; and that the appellant had sold 19 of them, for $1,807.43 net, and had made ineffectual efforts to sell the other 2. The second count set forth an indebtedness of the appellee to the appellant of $2,832.40, for a balance of an account, in August, 1880, and a credit thereon of the net proceeds of certain wagons, leaving due $1,444.90, with interest from the filing of the complaint.

The appellee filed a demurrer, and alleged therein as a ground of demurrer to the complaint, and to each count separately, that it did not state facts sufficient to constitute a cause of action. The district court sustained the demurrer, and, the appellant electing to stand by its complaint, judgment was entered in favor of the appellee. The supreme court affirmed the judgment, and appeal was taken.

*Mr. F. S. Richards,* and *Mr. R. K. Williams* for appellant. *Mr. James N. Kimball, Mr. Abbot R. Heywood,* and *Mr. Enos D. Hoge* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

We are of opinion that, on the terms of the receipt which expressed the contract between the parties, the appellant or its agents were required to determine, on receiving the wagons, whether they were in good condition and merchantable order, and were at liberty to reject them if not meeting those conditions; that the receiving the 21 and proceeding to sell them

was an acceptance of the 21 in payment *pro tanto* of the claim; that the contract for the payment in wagons was unfulfilled as to the 4 wagons not delivered; and that the price for which the 19 wagons were sold, and the selling value of the 2 not sold, have no bearing on the case under the first count, unless there be a surplus of the proceeds of sale, to be refunded to the appellee under the contract.

As to the second count, it sets forth a good cause of action. That count does not involve on its face any question as to the contract evidenced by the receipt embodied in the first count.

*The judgment of the supreme court is reversed, with direction to it to reverse the judgment of the district court, and to take or direct such further proceedings in the suit as may be according to law and in conformity with this opinion.*