## AMERICAN BOOK COMPANY *v.* THE STATE OF KANSAS *ex rel.* NICHOLS.

### ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 126.   Argued January 15, 18, 1904.—Decided February 23, 1904.

It is the duty of this court to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions of law.

When it appears either on the record, or by extrinsic evidence, that the judgment sought to be reviewed has, pending the appeal, and without fault of the defendant in error, been complied with, this court will not proceed to final judgment but will dismiss the appeal or writ of error.

THE facts are stated in the opinion of the court.

*Mr. W. H. Rossington*, with whom *Mr. Charles Blood Smith* and *Mr. Clifford Histed* were on the brief, for plaintiff in error.

*Mr. A. B. Quinton* and *Mr. G. C. Clemens*, with whom *Mr. C. C. Coleman*, Attorney General of the State of Kansas, and *Mr. Otis E. Hungate* were on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a proceeding in *quo warranto*, brought in the Supreme Court of the State of Kansas by the county attorney of Shawnee County of said State to oust defendant in error from doing business in the State, and to declare void certain contracts entered into by the defendant in error with the State Text Book Commission.

A preliminary injunction was granted restraining plaintiff in error from entering into any contract with any person in the State and from furnishing school books to its agents in the State.

Passing finally on the relief prayed for, the Supreme Court, awarding judgment, said:

"The plaintiff cannot, in this action, have an annulment of the contract already made. It may be that there are equitable circumstances forbidding the cancellation of such contract. It may be that compliance with the law by the defendant hereafter will retroactively validate the contract, in the event that it should now be invalid. However, independently of such consideration, we do not have jurisdiction over that branch of the case. Our jurisdiction is in *quo warranto* alone. A grant of that jurisdiction does not authorize the joinder to a cause of action for ouster of another one for the annulment of a contract, merely because the subject matter of the latter possesses incidental connection with the subject matter of the former.

"The defendant will be ousted of its claimed rights to do business in this State until it complies with the requirements of the law, but the prayer of the petition for the annulment of the contract will be denied."

Plaintiff in error is a New Jersey corporation engaged in the publishing and selling of school books, and the charge of the defendant in error is that plaintiff in error was doing business in the State without having complied with the laws of the State in regard to foreign corporations.

The laws of the State require a foreign corporation, as a condition of the right to do business in the State, to make an application to the Charter Board of the State to do such business and to file a certified copy of its charter or articles of incorporation, and to furnish certain information to such board. The statute also required the payment of a charter fee graduated upon the amount of the capital stock of the corporation. Ch. 10, Laws, 1898; Gen. Stat. 1901.

The court held that plaintiff in error had "complied, although irregularly, informally and out of time, with the law, except as to section two of chapter ten of the laws of 1898," and the requirements of that section were necessary to give plaintiff in error "the status of a foreign corporation authorized to do business" in the State.

The defence of plaintiff in error was, and its contention is

here, that its business was solely that of interstate commerce, and that the statute of Kansas alleged to have been violated could have no application to such business, and the court had no power to exclude plaintiff in error from transacting interstate commerce in the State. It was and is further contended that plaintiff in error had entered into contracts with certain persons and corporations in the State for the sale and delivery of its publications, which contracts were still in force and effect, and under which plaintiff in error had incurred liability ; and if the statutes be construed as applicable to it they would impair the obligations of those contracts and be in violation of section ten of article one of the Constitution of the United States.

A motion is made to dismiss on the ground that the judgment of the Supreme Court has been complied with. The compliance is not denied, but it is attempted to be justified on the ground that plaintiff in error had only to the fifteenth of September " to supply the wants of the public schools in Kansas with the books it had contracted to deliver, and under the stress of this public necessity, and under the sanction and penalties of its contract, it felt coerced to make a payment aforesaid (the charter fee) and otherwise to comply with the statute as interpreted by the Supreme Court in the case at bar."

It is also urged that another suit has been brought by the same law officer of the State in the name of the State, in the District Court of Shawnee County, which suit is pending in the Supreme Court on appeal from the ruling of the District Court denying a temporary injunction, and that it is contended by the State the judgment of the Supreme Court in the case at bar was an adjudication of a non-compliance of plaintiff in error with the statutes of the State. And, it is alleged, that the same defences were made as in the case at bar. It is hence contended that " there still exists a controversy, undetermined and unsettled," involving the right of the State to enforce the statute against a corporation engaged in interstate commerce.

The motion to dismiss must be granted. We said in *Mills* v. *Green*, 109 U. S. 651:

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that, when pending an appeal from the judgment of a lower court and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence."

The principle was discussed at some length and many illustrations of its enforcement were given. It has had illustration since. *New Orleans Flour Inspectors* v. *Glover*, 160 U. S. 170 ; *Codlin* v. *Kohlhausen*, 181 U. S. 151.

The case at bar is certainly within the principle. The judgment has been complied with. It makes no difference that plaintiff in error "felt coerced" into compliance. A judgment usually has a coercive effect, and necessarily presents to the party against whom it is rendered the consideration whether it is better to comply or continue the litigation. After compliance there is nothing to litigate.

It is further urged that another suit has been brought and, as decisive of its issues or some of its issues, the judgment in the case at bar is pleaded. But that suit is not before us. We have not now jurisdiction of it or its issues. Our power only extends over and is limited by the conditions of the case now before us.

*Writ of error dismissed.*