ANDREW GERRARD, Respondent, v. LESTER KELLER, Appellant.

(183 N. W. 975.)

Elections — appeal will be dismissed where appellant in contest complied with judgment and received benefits thereunder.

This is an appeal from a judgment in a case of an election contest. The appellant has both complied with the judgment and received benefits under it. Hence the appeal is dismissed.

Opinion filed June 27, 1921.

Appeal from the District Court of Towner County; *Kneeshaw, J.*

Appeal dismissed.

*Verret & Stormon,* for appellant.

*Kehoe & Moseley,* for respondent.

"Domicile of choice is entirely a question of residence and intent, or, as it is usually put, the factum and the animus. Both must concur in order that the domicile may be deemed established." 14 Cyc. 838.

"A new domicile is not acquired until there is not only a fixed intention of establishing a permanent residence, but until also this intention has been carried out by actual residence there." Boyd's Executor v. Commonwealth (Ky.) Am. & Eng. Ann. Cas. 1914 B. 481.

"To effect a change of domicile there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence within another jurisdiction, coupled with the intention of making the last required residence a permanent home." In re Moir's Estate (Ill.) 69 N. E. 905; Holt v. Hendee (Ill.) 93 N. E. 749, 21 Am. & Eng. Ann. Cas. 202; Stoddert v. Ward (Md.) 100 Am. Dec. 86.

"The term 'residence' is synonymous with 'domicile,' which imports not only intention to reside in a fixed place, but also personal presence in that place, coupled with conduct indicative of such intention, a fixed and permanent home, a voting residence." Driscoll v. Bender, 144 N. Y. Sup. 145; McCord v. Rosene, (Wash.) 80 Pac. 793; Hart v. Lindsay (N.H.) 43 Am. Dec. 597; Hairston v. Hairston (Miss.) 61 Am. Dec. 530; Newcomb's Estate N. Y. 84 N. E. 950; People v. Turpin (Colo.) 33 L. R. A., N. S., 766 and note.

ROBINSON. C. J. At the general election in 1920 the parties to this suit were opposing candidates for the office of county commissioner of the Third commissioner district of Towner county. On the face of the returns Gerrard had 463 votes; Keller, 464. Gerrard contested the election. The court held and adjudged that each party had received an equal number of votes, and that to determine the matter the county auditor of Towner county should give due notice to both parties to attend at his office at a time to be appointed by him, and that he then and there proceed to publicly decide the election by lot, as provided by statute. Comp. Laws 1913, § 1010. Pursuant to the judgment the county auditor gave due notice to each party, with a copy of the judgment, and at the time and place stated in the notice each party appeared at the office of the county auditor and fairly drew lots. The lot fell to Andrew Gerrard, and he was given the certificate of election and installed as county commissioner. Then, after taking the

benefits of the drawing and the benefit of the judgment, Mr. Keller appeals to this court.

Mr. Gerrard moves to dismiss the appeal, on the ground that a party may not take the benefit of a judgment and then appeal from it. There is no claim that the drawing was in any respect fraudulent or unfair. It was conducted in this manner: The parties met in the office of the county auditor and agreed as to the method of drawing, and agreed that the name of each party should be written on a separate slip of paper, the slips placed in a hat, and with the hat held above the heads of those present Miss Gibbons should be called to draw one of the slips from the hat, and that the party named on the slip drawn should be held the duly elected county commissioner. The drawing was accordingly made, and it was in all respects fair and deliberate. Then Mr. Keller congratulated the plaintiff, saying:

"This has been a square deal, and you are the more lucky, and are our county commissioner."

Mr. Moseley, state's attorney of Towner county, advised the parties that they did not have to participate in the drawing. The affidavit of Mr. Keller shows that he was advised and believed that his participation in the drawing would not in any manner affect his right to appeal from the decision of the district court. According to the decision of the district court the vote was a tie, and in case of a tie vote the statute is that the county auditor shall give notice to the several persons having an equal and the highest number of votes for one and the same office to attend at his office at a time appointed by him, and then and there proceed publicly to decide by lot which of the persons shall be declared duly elected, and that the auditor shall make and deliver to the person thus declared duly elected a certificate of election. Comp. Laws 1913, § 1010.

The judgment is in accordance with the statute. By the drawing of lots for the office appellant submitted his case to the umpire of chance, whose decision was above any suspicion or bias or unfairness. He accepted the benefits of the judgment, by taking the chance of obtaining an immediate decision in his favor, without trouble or expense, and surely the benefit was real and obvious, and there is no way to refund it. Obviously, the drawing was a solemn and public procedure, and not a mere mockery or child's play. In such a case an adult party may not play boy or pig and puppy. It is idle for appellant to say that he did not know the law of the case. Plain common sense clearly indicates that the drawing was not an

idle ceremony, and that it was binding on each party according to the code of law and the code of honor.

After compliance with the judgment, an appeal will ·be dismissed. American Book Co. v. State of Kansas, 193 U. S. 49, 50, 24 Sup. Ct. 397, 48 L. ed. 613. So, where an appellant receives benefits under a judgment, the appeal will be dismissed. In this case the appellant has both complied with the judgment and received benefits under it.

The appeal is dismissed.

BIRDZELL and CHRISTIANSON, JJ., concur.

BRONSON, concurs in result.

GRACE, J. (specially concurring). § 1010, Comp. Laws 1913, describes the method of deciding a tie vote of candidates for an office. In pursuance of the provisions of that statute, the tie here was decided. All the proceedings had in pursuance of the statute were free from fraud or unfair practice of any kind, and were had on due notice.

Irrespective of the judgment, this decided the tie, and with it the right to the office.