M. H. McCARTHY & CO., Inc., v. DORAN, Commissioner of Prohibition, et al.

No. 3202.

District Court, D. Massachusetts.

April 23, 1930.

Abbott & Carroll, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., for defendants.

BREWSTER, District Judge.

The above-entitled suit was brought by the plaintiff, a wholesale druggist, whose permit to use alcohol was revoked by the Prohibition Administrator on December 31, 1929. It is brought for the purpose of obtaining a review by this court of the act of revocation, and also of the refusal of the defendants to renew the permit for the year 1930 upon plaintiff's application, filed August 27, 1929. Plaintiff seeks also injunctive relief and relief by mandamus.

█ The matter is before the court upon defendants' motion to dismiss. The motion is based on several grounds. One of these, a failure to comply with Equity Rule 24 (28 USCA § 723) relative to signature by counsel, has been cured by amendment. The defendants also ask to have the bill dismissed because the plaintiff has sought, in one proceeding, a review of an order of revocation and a review of the refusal of an administrative officer to renew a permit. I see no objection, however, to joining in one bill of complaint a statement of, and prayer for, any special relief, whether for relief pending the suit or for relief on final hearing. Equity Rule 25 (28 USCA § 723) expressly provides that plaintiff may, in his bill of complaint, ask for more than one kind of relief.

█ If it be assumed, without deciding, that the court must rule, before hearing on the merits, that some of the plaintiff's prayers cannot be granted, it does not follow that the bill must be dismissed if other relief prayed for can be afforded on proof of the allegations of the bill.

█ The National Prohibition Act provides that no permit shall be issued to any person who, within one year prior to the application therefor, or issuance thereof, shall have violated the terms of any permit issued under this chapter, or any law of the United States or of any state regulating traffic in liquor. USCA tit. 27, §§ 16 and 21. Until the action of the Administrator in revoking the permit has been reversed, he has no authority to grant a renewal thereof. Inasmuch, therefore, as plaintiff's right to apply for a renewal depends primarily upon the legality of the revocation of the 1929 permit, I see no reason why the plaintiff is not entitled to a review of the revocation order, notwithstanding the permit has expired by its own limitation; nor do I see any reason why the bill should not be retained for a determination of this question unless, as the defendants urge, the proceeding was prematurely brought. This raises the really important issue presented by the motion.

█ The Commissioner of Internal Revenue has promulgated a regulation which provides that:

"Within 30 days after an order is made by the commissioner or an administrator revoking a permit the permittee may file an application with such commissioner or administrator for a reconsideration of such order on the grounds that the order is contrary to law, or is not supported by the findings of fact, or because of newly discovered evidence which permittee, with due diligence, was unable to produce at the hearing. The commissioner, or administrator, with whom such application is filed, may hear the application on a date to be fixed by him or may refer it for hearing to a board of review, to consist of not more than three persons, designated by him. * * * During the period above provided for filing application for reconsideration, and until final order is made after such reconsideration if such application is filed within the time provided therefor, the permit involved shall continue in force and effect except as to restrictions on withdrawals provided in section 519." Regulations 2, section 516 (October 1, 1927).

It is alleged that, in response to a citation issued by the Prohibition Administrator of this district, the plaintiff appeared before the hearing officer who, after hearing the testimony of witnesses and arguments of counsel, reported to the Administrator his recommendation that the plaintiff's permit be revoked. This report was approved on December 18, 1929, and under date of December 31, 1929, the Administrator issued an order re-

voking the plaintiff's permit. On January 29, 1930, these proceedings in equity were instituted.

It is now urged by counsel for the defendants that, because of the provisions of the regulation, above quoted, the order of revocation did not become final until 30 days after the date of the order, and was not subject to review until the 30 days had expired.

It will be noted that it is a regulation involving only a reconsideration by the Commissioner or Administrator issuing the revocation order. It is in no sense an appeal to some higher authority from the acts of a subordinate. While it is true the regulation provides for a Board of Review, a hearing by such Board cannot be invoked by the permittee, and the Board can only submit recommendations to the Commissioner or Administrator. The obvious purpose of the regulation was to insure a hearing, or fact-finding procedure, upon which to base the action of the administrative officer, thereby avoiding arbitrary and unwarranted action on the part of subordinate officers charged with the duty of enforcing the prohibition law. The regulation enables the permittee to secure and requires the Commissioner or Administrator to give an adequate hearing before the Commissioner or Administrator decides the question of revocation. If there had been such a hearing before any order of revocation was issued, there would be nothing gained by invoking the provisions of section 516. So far as the permittee was concerned, these provisions were optional rather than mandatory. They conferred upon him a privilege which he might take advantage of, if he so elected.

I do not believe the provisions were intended to suspend, for a period of 30 days, the right of the permittee to invoke the jurisdiction of an equity court for a review of an order of revocation, issued in due course by the Prohibition Administrator or the Commissioner of Prohibition. USCA tit. 27, § 21.

Section 21, supra, provides that if the permittee has been found guilty of the violation charged, or has not, in good faith, conformed to the provisions of chapter 2 of said title 27, his permit shall be revoked, and no permit shall be granted to him within one year thereafter. There is also a provision that, during the pendency of the action, his permit shall be temporarily revoked.

That the defendant Lewis, as Prohibition Administrator, was invested with authority to revoke permits is now settled. Doran v. Bay State Distributing Corporation (C. C. A.) 36 F.(2d) 657. His order revoking plaintiff's permit was subject to review in the equity court within any reasonable time (Hoell v. Mellon [D. C.] 4 F.(2d) 859), and the election was open to the permittee, either to ask for a reconsideration, or to accept the decision of the Prohibition Administrator as final, and proceed at once for a review.

I cannot agree that the regulation in question would operate to postpone the right to a review until the 30 days allowed for possible reconsideration had elapsed. I do not believe it was ever intended that the provisions of section 516 should lead to any such result. To attribute to the section the effect claimed for it by the defendants would, in my opinion, carry it beyond the authority conferred upon the Commissioner by the statute. The section would be an attempt at legislation rather than regulation, and would be, therefore, invalid.

Defendants' motion to dismiss is denied.