## INTERBORO BEVERAGE CORPORATION v. DORAN, Commissioner of Prohibition, et al. (two cases).

### No. 415.

Circuit Court of Appeals, Second Circuit.

July 21, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Geo. H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., and John E. O'Neill, Senior Atty., Bureau of Industrial Alcohol, of New York City, of counsel), for appellants.

George Eilperin, of Brooklyn, N. Y. (Stephen Callaghan, of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is a permittee who manufactures and sells dealcoholized beer in large quantities at its plant on George street, in Brooklyn, N. Y. It obtained its first permit in March, 1928, for the remainder of that year. On December 20, 1928, a renewal permit for 1929 was issued to it. On August 1, 1929, it applied for a renewal of its permit to cover 1930. This was denied on December 27, 1929, for the reasons as stated that the plaintiff had unlawfully removed large quantities of the beer it made without taking out the alcohol and while it contained more than one-half of 1 per cent. of alcohol by volume; had erected a hoisting machine for use in removing such beer without the approval of the Prohibition Department; had deterred inspectors from inspecting that machine; had refused them access to that part of its premises where it was; and had leased a right of way adjacent to its premises without filing any revised plans showing such action or obtaining the approval of the Prohibition Department. Such proceedings were had that the plaintiff was accorded a hearing by the Prohibition Administrator, who declined to change his previous decision. Then an action was brought in the Eastern district to review the decision of the Administrator. This resulted in a decree for the plaintiff entered on July 9, 1930, and, pursuant thereto, a permit was issued to the plaintiff to expire on December 31, 1930. An appeal from this decree was allowed, and on December 1, 1930, the government moved in this court for a preference. This motion was denied.

On August 28, 1930, the plaintiff applied for a permit for 1931. Its application was disapproved on December 5, 1930, by the Supervisor of Permits, who had superseded the Prohibition Administrator. The plaintiff then commenced an action in equity in the Eastern district for the review of the refusal of the Supervisor of Permits to issue a permit to it for 1931, and the hearing in this action resulted in another decree in favor of the

plaintiff. From this decree the government also appealed. .

These appeals were heard together in this court. At the time of hearing, the permit issued to the plaintiff by virtue of the decree from which the first appeal was taken had long since expired by lapse of time, and the appeal was dismissed as moot. See Security Mutual Life Insurance Co. v. Prewitt, 200 U. S. 446, 449, 26 S. Ct. 314, 50 L. Ed. 545; Southern Pacific Co. v. Eshelman (D. C.) 227 F. 928.

The second appeal from similar action taken by the District Court as to the 1931 application relates to the unexpired permit issued under order of court. In this case, there was considered anew all the evidence which was before the court in the first action, together with some so-called new evidence, and the same conclusion was reached by the second judge on the merits. In so far as the evidence in the first suit is concerned, it is impossible to ignore the fact that that action has been finally terminated in favor of the appellee. All the facts presented have been adjudged less than enough to justify the refusal of the 1930 permit. Quite apart from the fact that at the hearing of the second action all these facts were considered in connection with such new evidence as was offered and the appellee, nevertheless, found entitled to a permit, the estoppel by judgment created by the dismissal of the first appeal must now be faced. As the action in refusing the 1930 permit on the evidence then at hand has been held to be capricious and unjustified, the refusal of the 1931 permit must be justified by new evidence sufficient to warrant the action taken. Evans v. Ely (C. C. A.) 30 F.(2d) 912.

This new evidence is found in a verbose affidavit of one Marshall. It is too long to print, and may well be characterized by a quotation from the opinion of the District Court: "Aside from incompetent and hearsay testimony the only thing it does show is that the plaintiff was doing business and that a number of trucks came to its premises." What little additional support there was for the refusal of a permit was of the flimsiest sort. Two District Judges have independently considered all the evidence and decided that it did not justify either refusal. As we have seen, we cannot now consider the evidence on the first appeal, and there is nothing in the so-called new evidence to show error in the second decree.

It is accordingly affirmed.