**RAHAYEL v. McCAMPBELL, Federal Prohibition Adm'r, et al.**

**No. 133.**

Circuit Court of Appeals, Second Circuit.
Jan. 11, 1932.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

David F. Price, of Brooklyn, N. Y. (Samuel Binder, of Brooklyn, N. Y., of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and George H. Bragdon, Asst. U. S. Attys., both of Brooklyn, N. Y., and John E. O'Neill, Senior Atty., Bureau of Prohibition, of New York City, of counsel), for appellees.

SWAN, Circuit Judge.

██ It is unnecessary to set forth the facts upon which the prohibition administrator acted in revoking the appellant's permit because consideration of the merits of the controversy is precluded for reasons about to be stated. By its terms the permit would have expired, if unrevoked, with the year 1930; and before the appeal was argued more than a year had elapsed after the purported revocation, whether the date of the administrator's action be taken as June 27th or December 18th. Hence, though we should decide the revocation to have been invalid, we could give no relief. We could neither reinstate the permit, nor enjoin the prohibition administrator from declining to grant a new permit within a year of the purported revocation. The controversy had become moot and the appeal must be dismissed. Security Mutual Life Ins. Co. v. Prewitt, 200 U. S. 446, 26 S. Ct. 314, 50 L. Ed. 545; cf. Southern Pac. Terminal Co. v. Int. Commerce Commission, 219 U. S. 498, 31 S. Ct. 279, 55 L. Ed. 310.

██ The decree of the District Court was entered on January 12, 1931. We do not think the controversy had become moot on that date because under section 9 of title 2 of the National Prohibition Act (27 USCA § 21) a person whose permit has been revoked for violation of the act is deprived of the privilege of obtaining a new permit for one year thereafter. During such year he has a legal interest to protect by obtaining a decision that the revocation was invalid. Hence a distinction should be noted between suits seeking to review refusal to grant a permit under section 6, tit. 2 (27 USCA § 16), and suits seeking to review revocation of a permit under section 9, tit. 2 (27 USCA § 21). In litigation of the former class, the controversy becomes moot with the expiration of the permit year. We so held in Commonwealth, etc., Co. v. Campbell, 42 F.(2d) 573, and Interboro Beverage Corp. v. Doran, 52 F.(2d) 35. In Kernan v. Campbell (C. C. A.) 45 F.(2d) 123, we applied the same rule to a decree annulling revocation of a permit, but the distinction now urged was not there argued. We now recognize it. In litigation of the latter class the controversy does not become moot until one year after the revocation. Hence the District Court had jurisdiction. M. H. McCarthy & Co. v. Doran, 40 F.(2d) 963 (D. C. Mass.).

██ The appellant also urges that even after the expiration of such year he has a "practical" interest in having the revocation an-

nulled because the prohibition administrator's finding that appellant has violated the act, which the decree of the District Court confirms, may count against him if he shall apply for a new permit at any time hereafter. But the hardship implicit in this argument seems to be inherent in the whole doctrine of dismissal of an appeal because the controversy has become moot—the estoppel by judgment of the lower court must always be faced after an appeal is dismissed. See Interboro Beverage Corp. v. Doran (C. C. A.) 52 F.(2d) 35, 36; American Book Co. v. Kansas, 193 U. S. 49, 24 S. Ct. 394, 48 L. Ed. 613. We could not yield to it without not only overruling our own decisions already cited, but also refusing to follow those of the Supreme Court. So long as the doctrine stands, the most that we can do is to facilitate a prompt disposal of such appeals by granting a preference upon request.

Appeal dismissed.