**In re SMITH.** *

**SMITH v. LYNCH.**
**No. 7008.**

Circuit Court of Appeals, Ninth Circuit.
May 31, 1934.

*Rehearing denied Aug. 29, 1934.

C. Douglass Smith, of Long Beach, Cal., and Willcox & Judson and Oregon Smith, all of Los Angeles, Cal., for appellant.

Harold A. Fendler and Ingle Carpenter, both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

The question presented on this appeal is whether or not Irene Smith, adjudicated bankrupt on petition filed February 25, 1932, had on that day an interest in certain property which, under section 70a of the Bankruptcy Act (11 USCA § 110(a), passed to her trustee in bankruptcy, or whether her interest therein was acquired after the filing of the petition and therefore remained her own property.

The answer depends primarily upon the interpretation of the will of her uncle, Fred E. Bright, who, a resident of New York, died there in 1925. Under the will duly probated in New York, the residue of his estate, after certain specific legacies, was directed by the ninth clause to be divided into four equal parts, one for each of his surviving sisters; two of these parts were to be paid outright; the other two were given on trusts.[1] By another residuary clause, the eleventh clause of the will, the residue of the estate was devised in equal shares to the sisters surviving the testator.[2] All of his four sisters survived Bright. In 1926, one of them, Mrs. Sibley, died intestate, leaving as her next of kin her two daughters, appellant herein and her sister. Shortly after appellant had been adjudicated bankrupt, another of the four sisters, Mrs. Aylsworth, died intestate without a descendant, leaving as her next of kin, her two surviving sisters, a brother, and the two nieces, appellant and her sister. In clause ninth there was no specific bequest of the principal of the fund which Bright directed to be put in trust for his sister Mrs. Aylsworth. The present controversy concerns the nature of appellant's interest in that fund. According to appellant's contention, Mrs. Aylsworth, under the law of New York, acquired by virtue of the failure specifically to bequeath the principal of her fund, the complete equitable interest there-

---

[1] "Ninth: The remainder or residue of my estate is to be equally divided into four parts or portions one of which is to be paid to my sister Laura Belle Damerel if living at the time of my death if not living to her son Bright Damerel and her grandson Jack Damerel in equal parts. Another of the four portions is to be paid to my sister Eunice A. Gray if living at the time of my death if not living at the time of my death to her husband B. D. Gray and her daughter Gwendolin M. Stranahan in equal parts. Another of the four portions is to be put in trust and the income paid during her natural life to my sister Linna A. Aylsworth if living at the time of my death if not living the portion or principal from which she would have received the income is to be divided and paid outright to her surviving sisters in equal shares. A fourth portion is to be put in trust and the income paid to my sister Louella I. Sibley if living at the time of my death for the remainder of her natural life if not living or at her death the principal from which she would have received the income if living is to be divided into as many equal parts as she may have children and grandchildren surviving her and the said principal is then to be paid outright to the said children and the grandchildren of my sister Louella I. Sibley."

[2] "Eleventh: I give devise and bequeath all the rest residue and remainder of my estate of every kind and description and wheresoever situate including all legacies which lapse or for any reason are not effective to my sisters living at the time of my death in equal shares."

in, and appellant acquired a one-eighth interest therein, as one of her aunt's next of kin, only at the death of her aunt after the beginning of the bankruptcy proceedings. According to the trustee's contention, the principal of the trust fund was undisposed of by the ninth clause of the will, and passed therefore as part of Bright's residuary estate and on his death, under the other residuary clause, clause eleventh, to the four sisters in equal shares, subject only to Mrs. Aylsworth's life interest; thus appellant's mother acquired a one-fourth interest in the principal of the Aylsworth fund on Bright's death, and appellant her one-half of the one-fourth on her mother's death, long before the filing of the petition.

The order appealed from denied the bankrupt's petition for an injunction restraining the trustee from attempting to recover any part of the estate of Fred E. Bright then held by the Guaranty Trust Company of New York, as executor and trustee under his will, and for an order declaring the trustee in bankruptcy to have no interest in the funds or property so held. On the trustee's cross-petition the court decreed that the bankrupt had no interest in that property, that the trustee was the owner of every interest owned by the bankrupt prior to the adjudication in bankruptcy, in the property held by the Guaranty Trust Company and enjoined her from transferring any interest in the property or receiving any of it from the Guaranty Trust Company. The decree provided that the findings, order, and judgment were "expressly limited to the vested remainder interest of the bankrupt herein in and to the undivided one-half interest of her mother, Louella I. Sibley, as one of the four remaindermen under said Will of Fred E. Bright, deceased."

■ Appellee has moved to dismiss the appeal on the ground that it has become moot because of a final adjudication, made since the entry of the appealed decree, by the Surrogate's Court of the county of New York where the estate of Fred E. Bright was being administered. Affidavit of counsel for appellee shows that on petition of the Guaranty Trust Company for judicial settlement of its final account as sole trustee of the trust created by the will of Fred E. Bright for the benefit of Mrs. Aylsworth, the surrogate decreed equal distribution of the principal of the trust fund to the four sisters surviving at the time of Bright's death or to their estates and that distribution has been made by the Guaranty Trust Company in accordance with the decree, after having been advised by counsel for bankrupt appellant herein that she would not appeal from the Surrogate's decision. Counsel for appellant in his counteraffidavit states that the decree of final distribution in the estate of appellant's mother, Mrs. Sibley, subsequently entered by the superior court of the county of Los Angeles, directed payment of the property involved in this litigation to the trustee in bankruptcy solely in order to comply with the orders here appealed from, no bond having been filed to stay their execution.

We cannot agree that the decision of the surrogate technically renders this appeal moot, even though we accept it as conclusive upon us as an interpretation of the will. From the order of distribution and from the accounts of the executor approved by the decree, it is clear that the surrogate decided that the principal of the one-fourth portion put in trust for Mrs. Aylsworth was bequeathed by the eleventh clause of the Bright will to the four sisters surviving him. In accordance with this decision, payment of one-fourth of the cash held by the Guaranty Trust Company for the Aylsworth trust and assignments of interest in various mortgages were made to the administratrix of Mrs. Sibley's estate. This conclusively answers the contention of appellant that the principal as well as the income of the trust fund were, according to New York law, bequeathed to Mrs. Aylsworth. It also establishes that appellant received her interest in the property involved in this litigation through the estate of Mrs. Sibley and not directly from the estate of Mrs. Aylsworth. But, of course, the surrogate's decision did not constitute a judicial determination of the question whether the interest which appellant thus received from her mother was at the time of the filing of the petition in bankruptcy a transferable interest under section 70a; and the payment to the trustee in bankruptcy in accordance with the decree below does not render the appeal moot.

■ Appellant originally argued that no title passed to Mrs. Sibley, or through her estate to bankrupt as one of her next of kin, because the Guaranty Trust Company was still acting at the time of the filing of the petition in bankruptcy, as executor under Bright's will and had legal title according to the law of New York to the personal property constituting the estate. Affidavit of counsel now shows that on March 4, 1931, prior to the filing of the petition in bankruptcy, the Guaranty Trust Company had been discharg-

ed as such executor. Appellant contends, however, that title could not have passed to the bankrupt's trustee because at the time of bankruptcy that property had not yet been distributed to her mother's estate. In our judgment, it is immaterial whether at bankruptcy the Guaranty Trust Company held as executor or trustee, whether the property was actually distributed to Mrs. Sibley's estate before or after bankruptcy, and that appellant's interest in this property was not in express terms included in the order of distribution in the Sibley estate made prior to the filing of the petition in bankruptcy. Under the view which the surrogate took of the will, and which we, on independent examination, are satisfied is the correct interpretation, Mrs. Sibley received directly from Bright, by virtue of the eleventh clause of his will, an undivided one-quarter remainder interest in the principal of the Aylsworth trust fund; this vested in her immediately upon the death of Bright. On the death of Mrs. Sibley, the full and complete present right to one-half of this, or to a one-eighth vested remainder interest in the Aylsworth fund, passed to appellant, her daughter, as one of her two next of kin, and thence to the latter's trustee in bankruptcy, subject only to the possible claims of Mrs. Sibley's creditors and of the administratrix of her estate.

That right was property which prior to the filing of the petition, bankrupt "could by any means have transferred." Bankruptcy Act, § 70a(5), 11 U. S. C. § 110(a) (5), 11 USCA § 110(a) (5).

Appellant also contends that the order appealed from erroneously extends to her one-eighth interest as next of kin of Mrs. Aylsworth in the latter's one-fourth interest under the residuary clause, in the Aylsworth fund. It is said that the part of the decree designed to protect this interest is meaningless. The court below limited its order to the "vested remainder interest of the bankrupt herein in and to the undivided one-half interest of her mother as one of the four remaindermen under the will of Fred E. Bright deceased." We think it sufficiently clear that the court meant to refer to the bankrupt's undivided one-half vested remainder interest in her mother's one-fourth interest in the Aylsworth trust fund. The decree is so interpreted, and, as so interpreted, is affirmed.

Appellant also appeals from an order of the District Court that the bankrupt execute and deliver to attorneys for the trustee a written stipulation consenting to the dismissal and discontinuance of a certain action pending in the Supreme Court of New York county, state of New York, entitled "Laure Belle Damerel, plaintiff, v. Irene Smith, et al, defendants," and consenting to the release of an attachment issued in that action. The order complained of was made at the same time that the court vacated a previous order restraining the prosecution of the New York action until the termination of the bankruptcy proceedings. Appellant's argument with reference to this order was that the United States District Court in California had no jurisdiction to decree the termination of a pending law suit in the state court of another state. Appellee contends that this appeal should be dismissed because no substantial argument has been made to show why the order was erroneous and because the appeal had become moot by reason of compliance with the order complained of. Compliance, as shown by an exhibit, is not denied. This appeal must therefore be dismissed. American Book Co. v. Kansas (1904) 193 U. S. 49, 24 S. Ct. 394, 48 L. Ed. 613.