## BENNELL REALTY CO. v. E. G. SHINNER & CO., Inc.
## No. 5200.

Circuit Court of Appeals, Seventh Circuit.
Jan. 3, 1935.

Rehearing Denied Jan. 31, 1935.

---

[2] Standard Accident Ins. Co. v. Van Altena, 67 F.(2d) 836; Strauss v. United States, 13 F.(2d) 122; Colbeck v. United States, 10 F.(2d) 401; Cohen v. United States, 277 F. 771; Glynn v. May, 271 F. 464; Weichen v. United States, 262 F. 941; Smith v. Hopkins, 120 F. 921.

B. F. Saltzstein, of Milwaukee, Wis., for appellant.

W. L. Gold, W. G. Sullivan, and Morris Karon, all of Milwaukee, Wis., for appellee.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

SPARKS, Circuit Judge.

Two questions are presented by this appeal: (1) Is the interlocutory decree from which the appeal is taken, subject to appeal, and (2) did the District Court err in holding that the award was one of arbitration rather than one of appraisement, hence invalid for failure to hear evidence.

■■ Appellee moved to dismiss this appeal on the ground that (1) the decree appealed from is an interlocutory one, and (2) the restraining order does not prevent appellant from doing anything which it had the right to do in the absence of such an order, and appellant admitted that it had no intention of taking the action enjoined anyway, hence the question relating to the restraining order is a moot one. We think there can be little question but that the order was not a final one. Appellant argues that in attempting to provide a voluntary means for the parties to settle their dispute, the court jeopardized its rights, although it concedes that, had the court entered a decree directing a reference to appraisers appointed under its order, the matter would not be appealable. We do not agree with this contention. It seems to us that the court, in providing for the reopening of the cause upon application of either party in the event of their failure to voluntarily appoint new appraisers or the failure of the re-appraisal, left the way open for appellant simply to refrain from taking any action in the matter, thereby leaving it open for the court to proceed to the appraisal in accordance with the prayer of the original bill of complaint. It is true that various cases have held that where a decree interlocutory in form settles the principal matter in controversy, it is to be considered as a final decree for purposes of appeal. See Thomson v. Dean, 7 Wall. 342, 19 L. Ed. 94; Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404; French v. Shoemaker, 12 Wall. 86, 20 L. Ed. 270; Cumberland Telephone & Telegraph Company v. City of Memphis (C. C. A.) 200 F. 657. However, in each of these cases, the decree appealed from in

effect put an end to the litigation on the merits between the parties, whereas in the case at bar, the decree leaves the principal matter originally in controversy between them, namely, the valuation of the leased premises, still to be determined, and retains jurisdiction for the purpose of considering any further questions which may arise relating to that determination. It contemplated further proceedings of a judicial character. In North Carolina Railroad Company v. Story, 268 U. S. 288, 45 S. Ct. 531, 533, 69 L. Ed. 959, the court said: " * * * An appellate court has the power on appeal from a temporary or interlocutory order or decree to examine the merits of the case if sufficiently shown by the pleadings and the record and upon deciding them in favor of the defendant to dismiss the bill and save both parties the needless expense of further prosecution of the suit. * * * " The converse of this would be equally true, that if the court found in favor of the complainant, it would have the power to affirm the decree. But if that were done in the case at bar, it would simply mean affirming something upon which further proceedings remained to be had, which might turn out in favor of either party, and the final order regarding which would still be appealable to this court. We therefore hold that the decree is not of sufficient finality to permit an appeal to this court. See Jones' Administrator v. Craig, 127 U. S. 213, 8 S. Ct. 1175, 32 L. Ed. 147; Waialua Agricultural Company, Limited, v. Christian (C. C. A.) 52 F.(2d) 847; Mercantile Trust Company of New York v. Chicago, Peoria & St. Louis Railway Company (C. C. A.) 123 F. 389.

■ Appellant contends, however, that the appeal must be allowed under section 129 of the Judicial Code (28 USCA § 227), which is as follows:

"Where, upon a hearing in a district court, * * * an injunction is granted, continued, modified, * * * by an interlocutory order or decree, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals; * * * and the proceedings in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or the appellate court. * * * The district court, may, in its discretion, require an additional bond as a condition of the appeal."

We think that this statute contemplates an injunction or restraining order which actually infringes some right on the part of the appellant and the continuation of which pending the final determination of the action will materially affect its interests. This can scarcely be said to be the situation here. The original restraining order was entered in May, 1932, and yet appellant was apparently so little concerned that it took no appeal at that time, waiting until the full hearing on the matter had resulted in an interlocutory decree unfavorable to itself, to take its appeal. We find no case in which injunctions have been classified, according to whether they involved substantial or nominal issues, but it was suggested in Potter v. Beal (C. C. A.) 50 F. 860, at page 863, that no appeal would lie under the section herein considered in a case in which the injunction order was nominal, or in which the decree would be equally effectual without it. We think that the order restraining appellant from terminating the lease, and fixing a temporary rate for the collection of the rent does not interfere with any of its rights in the absence of a showing of some substantial damage such as might result, for instance, in case the lessee were on the verge of insolvency and there were, therefore, danger that the lessor would never be able to collect additional rent if such were found due by the new appraisers or the court. However, here the matter involved in the restraining order seems to be of such trivial importance as compared with the matter involved in the proceedings as a whole, that we think no good purpose can be effected by our consideration of the matter at this time.

The motion to dismiss the appeal is therefore granted.