## BENNELL REALTY CO. v. E. G. SHINNER & CO., Inc.

### No. 5893.

Circuit Court of Appeals, Seventh Circuit.

Jan. 27, 1937.

Rehearing Denied March 2, 1937.

B. F. Saltzstein and Joseph P. Brazy, both of Milwaukee, Wis., for appellant.

W. L. Gold, Ray T. McCann, and Morris Karon, all of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

Appellee filed its bill in equity in which it sought to set aside an award of appraisers determining the value of certain land covered by a lease between the parties. It asked the court to fix the value of the land for the purpose of determining the rental and its manner of payment by appellee for the balance of the term, and that appellant be enjoined from terminating the lease during the proceeding. The basis for the action was the alleged invalidity of the award due to the refusal of the appraisers to hear evidence as to value which appellee wished to present to them.

The court entered an interlocutory decree from which appellant appealed to this court. On January 31, 1935, the appeal was dismissed by this court on the ground that the decree was not an appealable one, 74 F.(2d) 491. That opinion substantially sets forth the facts, the conclusions of law, and the interlocutory decree which was entered February 23, 1934, and they will not be repeated here, except the third paragraph of the interlocutory decree, which is set forth in the margin.[1]

---

[1] "Third. The complainant and defendant may voluntarily comply with the terms of such lease by proceeding, within ten days from this day, to the appointment of new appraisers who shall make a reappraisal of the demised premises in the manner provided in such lease and in conformity with the rules of law applicable to such proceedings, (giving to each of the parties full opportunity to be heard), and such appraisers shall, promptly upon making an award, report their proceedings and award to this court. In the event of the failure of the parties to voluntarily appoint new appraisers within the time limited, or in the event of the failure of such reappraisal, or upon the report of the appraisers being filed, this action may, upon application of either party, upon due notice to the other, be brought on for further trial and disposition, and all further questions are reserved until such time."

The same day on which the interlocutory decree was entered, appellee filed in the District Court its notice of appointment of Clark M. Robertson as one of the appraisers to make a re-appraisal in compliance with the terms of the lease and with the provisions of the third paragraph of the interlocutory decree. On March 5, 1934, it moved for further trial and disposition of the case, calling the court's attention to the expiration of the time for the parties to proceed voluntarily under the interlocutory decree.

On February 1, 1935, appellant filed with the District Court its notice to appellee, that on that day, it had designated and appointed Harrison Saudek as appraiser in said matter, pursuant to the interlocutory decree. Thereafter, the two appraisers thus named, having been unable to agree upon the value of the premises, named James A. Hannan as a third appraiser. The three met from time to time and heard and duly considered all allegations and evidence of the respective parties concerning the matters in controversy and gave them full opportunity to be heard. Subsequently, on December 17, 1935, Robertson and Hannan filed their majority report appraising the land at $75,000, to which Saudek dissented, declaring the value to be $100,000.

On January 6, 1936, before final decree, appellant objected and excepted to the last award, on the ground that it was grossly inadequate, and that the appraisal of May 25, 1932, was valid and binding.

On January 11, 1936, the court entered its final decree in which the following recital appears:

"This cause came on to be further heard on the 4th day of January, 1936, and was argued by counsel, and defendant's counsel advised the court that defendant did not challenge the award of the appraisers and requested an opportunity to examine complainant's proposed final decree, and such opportunity having been granted defendant, and thereafter defendant having served and filed certain objections and exceptions dated January 6, 1936, and thereafter on motion of complainant, the cause having come on for further hearing on the 11th day of January, 1936 * * *"

Thereupon, the court overruled appellant's objections and approved the award made under the voluntary provision of the third paragraph of the interlocutory decree, and adjusted the rentals on that basis. From that decree this appeal is prosecuted.

The many contested issues are all based upon the alleged erroneous ruling of the District Court in setting aside the first appraisement and permitting another to be made.

We are first met, however, with appellee's motion to dismiss the appeal on the grounds (1) that appellant is estopped from appealing from the final decree which merely confirms the re-appraisal under the interlocutory decree, under which appellant voluntarily proceeded, and now raises no questions other than those based on the alleged error of the court in setting aside the first appraisal; (2) that the questions attempted to be presented by appellant are moot, because it elected to proceed under the voluntary provision of the interlocutory decree, and afterwards stated in open court that it did not challenge the award of the re-appraisers. This motion was overruled by this court, as such motions usually are, on account of the continued and persistent limitation of the membership of this court, in order that all matters may be heard at one hearing. In such cases it is the intention of the court to reserve the right to the mover to renew the motion at the hearing on the merits. This reservation was inadvertently omitted from this original order. The questions raised by this motion, however, are again urged by appellee in its brief, and it appears that they are equally pertinent to a consideration of the merits of the decree. We therefore proceed to consider them first.

We are convinced that appellant by proceeding under the voluntary provisions of the third paragraph of the interlocutory decree precluded itself from relying upon its objections and exceptions to the court's ruling in setting aside the first appraisement and permitting another. There was nothing compulsory in the third paragraph of the interlocutory decree. It amounted to nothing more than a permissive gesture of the court, looking to an amicable settlement of the parties' differences. They both accepted the benefits of that suggestion, among which was the chance of each party getting a re-appraisement more favorable to itself, and also the avoidance of delay and expense in further pursuing the mandatory course which the court had ordered in case the provisions of the voluntary program should not be followed. When they voluntarily accepted this chance, they took it with its burdens as well as its benefits, and the procedure was utterly inconsistent with appellant's intention to further pur-

sue the court's alleged error in setting aside the first appraisement.

Appellant urges that our procedure does not contemplate that a party aggrieved, in order to preserve its rights, must retire from the case upon an adverse ruling, but after excepting to the ruling he is permitted to continue with the proceeding without jeopardizing his former exceptions. "Further proceedings in the cause may remedy the error complained of, or render it immaterial as in cases where the party aggrieved finally prevails." This last sentence recognizes the chance which the parties took, and however sound the argument may be with respect to mandatory procedure, it can not with reason be applied to voluntary proceedings merely suggested by the court in order to effect a settlement of the controversy. It is quite true, as appellant argues, that if the voluntary appraisal had been equal to or greater than the former one, it would have remedied the alleged error of the court or rendered it immaterial, so far as appellant was concerned; but what would that have availed it if the voluntary appraisal were not binding on both parties? The voluntary appraisement was something more than an effort of the court to see if new appraisers could successfully arrive at a valuation which would be satisfactory to both parties, which could be disregarded if either party were not satisfied. It was intended to be binding and we think it was.

Furthermore, appellant called attention in its former appeal in this same cause, to the fact that in attempting to provide a voluntary means for the parties to settle their dispute, the court jeopardized its rights, although it conceded that had the court entered a decree directing a reference to appraisers appointed under its order, the matter would not have been appealable. We then stated (74 F.(2d) 491 at page 493) that the court, in providing for the reopening of the cause upon application of either party in the event of their failure to voluntarily appoint new appraisers or the failure of the re-appraisal, left the way open for appellant simply to refrain from taking any action in the matter, thereby leaving it open for the court to proceed to the appraisal in accordance with the prayer of the original bill of complaint. We are convinced that this provided the only mode for appellant to avoid the effect of a voluntary submission to the re-appraisal sought by appellee, and that appellant's attention was sufficiently called to it by our opinion in the former appeal.

Appellant urges an analogy between the facts here presented and subsequent procedure after overruling a demurrer to a pleading. The analogy is not apparent. In case of a complaint there may be two defenses, (1) that the facts are not true, and (2) if they are true, they are not sufficient to constitute a cause of action. The latter may be raised by demurrer and presents a question of law; the former is raised by answer and presents a question of fact. They are not inconsistent, and neither raises any question presented by the other.

For the reasons stated we think the District Court's decree was correct, and it is affirmed. It is supported in principle by the authorities in the margin.[2]

---

[2] Northern Pacific R. Co. v. Murray (C. C.A.) 87 F. 648; West v. Broadwell, 124 Or. 652, 654, 265 P. 783; Fox v. Ryan, 121 Kan. 172, 246 P. 520; Harrington v. Butte, A. & P. Ry. Co., 39 Mont. 22, 101 P. 149; Lytle Investment Co. v. McMorris, 189 Iowa, 1355, 179 N.W. 871; Cameron v. Smith, 171 Mich. 333, 137 N.W. 265; Souders v. Leatherbury, 97 W.Va. 31, 125 S.E. 236. An appeal is moot after compliance with the decree or order. American Book Co. v. Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613; In re Smith (C.C.A.) 71 F.(2d) 378; Knight v. Hirbour, 64 Kan. 563, 67 P. 1104.