## CAMPBELL SOUP CO. et al. v. MARTIN.

### No. 10890.

United States Court of Appeals Third Circuit.

Argued Feb. 5, 1953.

Decided March 12, 1953.

Root Refining Co. v. Universal Oil Products Co., 3 Cir., 1935, 78 F.2d 991;

William F. Quinlan, Philadelphia, Pa., for appellant.

Richardson Dilworth, Philadelphia, Pa. (Aaron M. Fine, Robert McCay Green, Dilworth, Paxson, Kalish & Green, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

The question involved in this appeal is the jurisdiction of a federal court to consider a moot case. The appellant is the unsuccessful defendant in a suit which the Campbell Soup Company brought against him in the fall of 1952. In the spring of that year the defendant, a farmer, executed a contract for the sale of his 1952 tomato crop. In violation of the terms of the contract he started selling tomatoes in the open market. Action was begun against him to enforce the contract. The district court, with our decision in Campbell Soup Co. v. Wentz, 3 Cir., 1948, 172 F.2d 80, before it, concluded that the changes made in the growers' contracts by the Campbell people subsequent to that decision made the agreement a valid one. An injunction was issued against the defendant with which he complied and delivered the remainder of his crop to Campbell. The injunction, by its terms, expired October 2, 1952, which was also the expiration date of the contract.

It is completely clear that this is a moot case. The court issued an injunction against the defendant and he complied with it. That clearly makes the case moot. American Book Co. v. State of Kansas, 1904, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613. There are now no legal relations between the parties. The 1952 contract has expired by its own terms. A new one had

Crozier-Straub, Inc., v. Reiter, D.C.E.D. Pa.1929, 34 F.2d 577.

not been made as of the date of submission of this case. The only interest which the parties have in a decision by this court is legal advice concerning future contractual relations.[1]

No authority needs to be cited for the general proposition that courts do not, with rare exceptions, decide moot cases. The federal legal history on this point is clear and unvacillating for 161 years. Back in 1792 a related problem was raised in Hayburn's Case, 2 Dall. *409, 1 L.Ed. 436. The laconic headnote states the point: "It is not in the power of congress to assign to the judiciary any but judicial duties." Mr. Chief Justice Taney used forthright language in Lord v. Veazie, 1850, 8 How. 251, 49 U.S. 251, 255, 12 L.Ed. 1067, when he said:

> "It is the office of courts of justice to decide the rights of persons and of property, when the persons interested cannot adjust them by agreement between themselves,—and to do this upon the full hearing of both parties. And any attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended, * * *."

In the leading case of Muskrat v. United States, 1911, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246, Mr. Justice Day, for the Court, examined and restated the authorities on the matter in an opinion which is referred to in almost every discussion of the question. He summarizes the scope of the federal judicial power as "the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction." 219 U.S. at page 361, 31 S.Ct. at page 255. The limitation as well as the grant of power comes from the language in Article III, Section 2, of the Constitution.

In the argument of this case counsel for the appellant urges upon us an exception, sometimes enunciated, to the uniform refusal to consider a moot case. This exception is said to be the situation where the question is one of public interest. The authorities upon it are collected in a note, 132 A.L.R. 1185.

Even if this exception were applicable in federal courts we do not think this case falls within it. This matter is one which concerns a group of vegetable growers and a possible source for the sale of their products. It is no more a "public matter" than any trade dispute.

But even if this were a subject of public interest we do not think that the exception could be applied in a federal court. It is true that the annotator in the note referred to cites three federal cases, two from the United States Supreme Court, in his collection of authority. We think that those cases are not instances in which a moot case is considered and a judgment given upon it. The Court points out in United States v. Trans-Missouri Freight Association, 1897, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007, that in the case before it "there has been no extinguishment of the rights (whatever they are) of the public, the enforcement of which the government has endeavored to procure by a judgment of a court under the provisions of the act of congress above cited." 166 U.S. at page 309, 17 S.Ct. at page 547. A similar situation is found in Southern Pacific Terminal Company v. Interstate Commerce Commission, 1911, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310, and Boise City Irr. & Land Co. v. Clark, 9 Cir., 1904, 131 F. 415.

---

1. Appellant makes the argument that this case is not moot because he has a cause of action against Campbell for the damages he suffered by complying with the injunction and selling his tomatoes to Campbell instead of on the open market. There is no such thing as a cause of action for damages incurred as a result of compliance with an injunction. The only recourse seems to be a suit on a bond given by the party procuring the injunction. Meyers v. Block, 1887, 120 U.S. 206, 7 S.Ct. 525, 30 L.Ed. 642. Here Campbell gave a bond when it secured a temporary restraining order, but gave none on obtaining the injunction.

A situation similar to those in the three cases just cited arises very frequently when a federal court is called upon to give a judgment enforcing an order of an administrative agency like the Labor Board or the Federal Trade Commission. Not infrequently a defendant says, "You should not give an order against me because I have quit doing that which violated the law and therefore there is no case or controversy in which I am concerned." It is well-settled in such a situation that the mere fact that the unlawful practice has ceased prior to court order is not in itself sufficient ground to defeat the issuing of such an order. The case is not moot; there is still the problem of enforcement of public rights just as there was in the Trans-Missouri case.

What is said above applied to the federal judicial power only. The state practice is sometimes different indeed. An advisory opinion by the justices of a State's supreme court is a not uncommon American phenomenon. Our point here is one solely of limitation on federal judicial power.

The appeal will be dismissed because it presents no case or controversy.