### In re ARKANSAS NATURAL GAS CORP. et al.

### No. 11041.

United States Court of Appeals
Third Circuit.

Argued May 4, 1953.

Decided May 28, 1953.

———◆———

Franklin S. Wood, New York City, (Hawkins, Delafield & Wood, Clarence Fried, New York City, on the brief), for Public Common Stockholders' Protective Committee.

Myron S. Isaacs, Washington, D. C., for Securities & Exchange Commission.

Theodore N. Tarlau, New York City, for Class A Common Stockholders Committeee.

Henry C. Walker, Jr., Shreveport, La., for Arkansas Natural Gas Corp. and subsidiaries.

Percival E. Jackson, Bernard S. Kanton, New York City, on the brief, for Arkansas Natural Gas Corporation Class A Common Stock Committee.

Clinton J. Ruch, New York City (Frueauff, Burns, Farrell, Shanley & Johnsen, Eugene R. Sullivan, Everett W. Young, Joseph L. Weiner, New York City, on the brief), for Cities Service Co.

Before GOODRICH, McLAUGHLIN, and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves an appeal in a reorganization proceeding affecting the Arkansas Natural Gas Corporation. The Securities and Exchange Commission filed an application pursuant to sections 11(e) and 18(f) of the Public Utilities Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., requesting the district court of Delaware to approve and enforce an amended plan. After hearing the court did approve the amended plan in an opinion which discusses all points fully. D.C.Del.1953, 109 F.Supp. 522. The present appeal is by a group called the "Public Common Stockholders' Protective Committee." This group complains about one of the provisions in the plan which was approved. Among other things before the commission and the district court was the problem created by certain activities of Cities Service Corporation back in 1929. These are fully described both in the S.E.C. opinion and in that of the district court. In final settlement of many asserted claims it was agreed that Cities Service should pay to the publicly held class A shareholders $1.25 per share more than was paid to the holders of publicly held common stock.

The committee for the common shareholder complains in this court of this provision in the plan. That committee does not complain that what is paid the common shareholders is too small. It simply says, at large, that the provision should not be in the plan.

We think there is no merit in the position taken by the appellants here. They are not hurt by anything which has been done. We fail to see how they have any more standing to complain than would any stranger on the street who read about the litigation and disapproved the result. We have recently had occasion to consider the jurisdiction of the federal courts based upon the necessity of the existence of "a case or controversy". Campbell Soup Co. v. Martin, 3 Cir., 1953, 202 F.2d 398, 400. That case is not precisely in point here but is certainly analogous. The court is satisfied both with the review of the merits of the plan in the district court and clear in its own collective mind that this appellant has no standing to complain of it in any event. This point is implicit in the district court opinion. We need only make is explicit here.

The judgment of the district court will be affirmed.