THE LEROY & WESTERN RAILWAY COMPANY V. S. J. BUTTS.

| 40 | 159 |
|----|-----|
| 41 | 601 |
| 40 | 159 |
| 53 | 418 |

1. DAMAGES — *Declarations, Competent Evidence.* In an action by plaintiff to recover damages for the appropriation of a right-of-way through his farm by defendant, the declarations of plaintiff made at the time of the appropriation are competent, and can be offered as original evidence without first calling plaintiff's attention to the same.

2. GROWING CROP — *Market Value — Competent Evidence.* Where wheat in the milk, growing in a field, is taken, evidence of the market value of wheat in the nearest market, with the usual cost of harvesting and marketing it, is competent evidence tending to show the value of the growing crop.

*Error from Sumner District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*McDonald & Parker,* for defendant in error.

Opinion by HOLT, C.: Upon an appeal from condemnation proceedings the plaintiff below filed his petition in the district court of Sumner county, alleging therein that he was the owner of a certain farm in that county, containing about $404\frac{24}{100}$ acres; that through it the railroad company condemned its right-of-way, taking a strip 100 feet wide and containing about

$9\frac{14}{100}$ acres; that it was of the value of $50 per acre, and that the construction of the road through the farm lessened its value for farm purposes to the amount of $3,234, in addition to the value of the land actually taken. Trial was had in December, 1886, and a jury returned a verdict in favor of the plaintiff for $2,796.85. A motion for a new trial was overruled, and judgment rendered for the amount of the verdict. The defendant brings the case here for review.

The errors complained of which we shall notice arose upon the rulings of the court on the introduction or rejection of testimony. The plaintiff, to support his action, testified that the value of the entire tract was $50 an acre before, and $41 immediately after the right-of-way was taken by the railroad company. Other witnesses testified to nearly the same values. The defendant in introducing its evidence asked each of the commissioners appointed by the judge of the district court what the plaintiff told them, at the time of the condemnation, the land was worth per acre. The court refused to allow them to answer. In this the court erred. The plaintiff claims that this was impeaching evidence, and as the defendant, while on the witness stand, had not been interrogated concerning his statements to either of the commissioners, that therefore it was not admissible. But this evidence was admissible for another ground than that of impeachment—it was the admission of a party to the suit, and was original evidence. The value of this land at the time it was appropriated was a legitimate subject of investigation, and a natural and important element in establishing plaintiff's claim. The damages of plaintiff were proven very largely by the evidence of the plaintiff and his witnesses, by their opinion of what the farm was worth per acre immediately before and immediately after the appropriation of the right-of-way. This statement of what the plaintiff said his farm was worth per acre at that time is material evidence, and loses none of its force as an admission because it was his opinion. For this error the judgment must be reversed.

Another objection made by the defendant is, that the wit-

nesses for the plaintiff who testified to the value of the land were not qualified to give such testimony. This question has been recently before this court, and decided. (*L. & W. Rly. Co. v. Hawk*, 39 Kas. 638.) At the time of the appropriation there were two and a half acres of wheat in the milk upon the land actually taken by the railroad company on its right-of-way. Its value was established by proving the value of wheat in the nearest market, and the testimony of witness showing what it would probably cost to harvest, thresh and carry it there if it should ripen. We perceive no material error in this method of proof. To be sure the wheat was not ripe, and might have been subject to some loss and injury by storm, insect or otherwise; it might have had no market value growing in the field, and its value could have been ascertained more accurately and satisfactorily by the value of wheat usually sold in the market than by any other proof.

We recommend that the judgment be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.