## THE OTTAWA, OSAGE CITY & COUNCIL GROVE RAILROAD COMPANY v. JACOB ADOLPH *et al.*

1. RAILROAD RIGHT-OF-WAY — *Damages — Husband and Wife — Error in Excluding Evidence.* Where the husband and wife are plaintiffs in an action against a railroad company, asking for damages occasioned by appropriating a right-of-way through their farm, occupied as their homestead, the title being in the wife, and the husband was a witness, giving testimony showing the damage to the farm from the appropriation of the right-of-way, and his attention was directed to an instrument signed by him, which was intended to have conveyed their right-of-way to the company for a sum much less than the amount he testified the farm had been damaged, and to a statement that he wished the company would pay the sum named for the right-of-way, both the instrument and statement should have been admitted in evidence.

2. DAMAGES — *Estimate — Witness — Opinion.* Where a pasture and cattle corrals are injured but not destroyed by the right-of-way, it is improper for a witness to give his estimate of the amount of damages thereto; he should have described how they were injured, and their value immediately before they were injured and immediately after.

3. QUESTIONS, *Jury to Answer.* Where there has been detailed evidence as to the value of certain property injured or destroyed by appropriating the right-of-way, and questions are submitted asking for the value of such property, the jury should answer the questions thus submitted.

### Error from Osage District Court.

ACTION to recover damages for a railroad right-of-way. Judgment for plaintiffs *Adolph* and wife, at the December term, 1886, for $1,550. The defendant *Company* brings the case to this court. The opinion states the facts.

*Geo. R. Peck*, *A. A. Hurd*, and *Robt. Dunlap*, for plaintiff in error.

*William Thomson*, and *J. W. Lord*, for defendants in error.

Opinion by HOLT, C.: The defendant in error, who was plaintiff below, appealed to the district court of Osage county from the award of the commissioners assessing damages for

the right-of-way over the northwest quarter of section 2, township 17, range 16, being plaintiff's farm. A trial was had at the December term, 1886, and a verdict was returned and judgment rendered in favor of plaintiffs for $1,550. The commissioners were appointed in October, 1885, and the land was appropriated on the 26th day of February, 1886; upon the 24th day of November, 1886, Jacob Adolph signed an agreement by which he and his wife were to convey to the railroad company the right-of-way for $300, but for some reason the agreement was never fully consummated. The farm came to Flora Adolph, the wife of Jacob Adolph, by devise, and had been occupied by them as their homestead for nearly ten years. Jacob Adolph testified that immediately before the appropriation of the right-of-way, the farm was worth $50 per acre, or $8,000, and that immediately after from $2,000 to $3,000. It was also in evidence that Jacob Adolph, in the month of January, 1886, stated that he was willing to abide by the contract that had been made, and wished the railroad company would pay him the money for the land. It was shown by the testimony that the value of the land had not materially increased from the time the contract was signed by Adolph until it was appropriated. Both the statement and the agreement signed by Jacob Adolph were excluded; of this the plaintiff complains. This evidence was competent and material, and should have been admitted. It was in the nature of an admission of a party to the action, who, although not the owner of the land, yet as the husband of the owner had a homestead interest therein. He was also a witness in the case, and had stated that the difference in value by reason of the appropriation of the strip was more than $5,000. This testimony should have been admitted, to show that his opinion of the value of the land at the trial was quite different from what it was shortly before the land was taken. (*L. & W. Rly. Co. v. Butts*, 40 Kas. 159; *C. B. U. P. Rld. Co. v. Andrews*, 37 id. 641; *Railroad Co. v. Ranck*, 78 Pa. St. 454; Mills, Em. Dom., 2d ed., § 172.)

The defendant further complains that one of the witnesses

for plaintiffs, after stating the difference in the value of the land before the appropriation of the strip by the railroad company, and after, in testifying of the items constituting the damages, was asked concerning the damage done to the orchard and vineyard, the pasture, and two corrals, through which the road ran. He was allowed to give evidence about the damage to the orchard and vineyard, both having been destroyed; the pasture and corrals had been injured; he gave an estimate of the injury to them. We believe this evidence, giving his estimate of the damage to the pasture and corrals, neither one of which had been destroyed, was incompetent and improper. The witness was usurping the province of the jury; he could have described the extent of their injury, giving the details thereof, and from such testimony the jury could have arrived at the amount of damage sustained by the plaintiffs. (*W. & W. Rld. Co. v. Kuhn*, 38 Kas. 675; *L. & W. Rly. Co. v. Ross*, 40 id. 598.) The witness was allowed to testify what the damage to the premises would be on account of the danger from fire when the engines were operated without fault on the part of the company. As this case goes back for re-trial, we would call attention to the rule of proving this item of damages laid down in *L. & W. Rld. Co. v. Ross*, supra.

The court submitted a number of questions to the jury, upon the request of the defendant. The defendant complains, first, that one item which the jury found, of $250, was for an increased risk from fire, and stated that the question ignored the fact that the question did not make a distinction between fires arising from the negligence of the company, and those that did not. We think that after the defendant had asked the question in the form it was submitted, he had no just grounds to complain of the question and the answer to it; more especially is this true in this case, under the testimony that was introduced and the instructions of the court, which very plainly made a distinction between fires that might be caused through the negligence of the company, and otherwise.

The court, in questions to the jury, asked what they allowed for appropriating the land actually taken, being $4\frac{77}{100}$ acres.

Their answer was $600; then they were asked how much they allowed for timber which grew upon this land, fruit trees, the vineyard and vines, and the injury to the corrals. The jury stated they allowed nothing for the injury to the corrals, fruit trees, vines and timber growing on the right-of-way, evidently intending to include the several items in the finding of $600 for land actually taken.

There was no motion made to correct these answers, nor does the record show that the attention of the court was called to them before the jury was discharged, although they are discussed at length in the briefs; but as this cause will be remanded for a new trial, we would suggest that the jury should have answered them, showing the items of damage. The testimony was minute and particular concerning the injury to the fruit trees, forest trees, vines, and corrals. The questions were fully within the issues of the case and within the detailed evidence introduced, and the defendant was entitled to answers to the questions submitted.

For the exclusion of the agreement signed by Jacob Adolph, for allowing the witness to give his estimate of the damage to the corrals and the pasture, for the estimate in regard to the increased liability from possible fires, we recommend that the case be reversed.

By the Court: It is so ordered.

All the Justices concurring.