**UNITED STATES of America,**
**Appellant,**

v.

**Sarah Joyce King COOPER, Sarah Joyce Smith and Mary Cooper Smith, as Executrices of the Will of M. A. Cooper, Deceased, et al., Appellees.**

No. 17925.

United States Court of Appeals
Fifth Circuit.

March 24, 1960.

A Donald Milcur, Atty., Dept. of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellant.

John W. Maddox, Rome, Ga., for appellees.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is a companion case to 5 Cir., 277 F.2d 857. The judgment of the trial court in the condemnation suit referred to went against the government for a substantial sum. Thereafter the government sought to pay the amount into court in such manner as to end the running of interest, but at the same time reserving to itself the right to appeal, with which, it contended, would go with the right of recovery of the amount paid in the event its appeal was successful. Although the government contended then, and contends here, that it has the undoubted right to pay the full amount into court and stop the running of interest without jeopardizing its right of appeal and right to recover any amounts determined on appeal it did not owe, it was not willing to do this without an order of court.

The government therefore applied for an order by the trial court declaring its right to take the steps outlined. The trial court entered a simple order stating: "The said motion is denied."

This order did not decide anything as to the correctness of the government's contention that it could pay the amount into court, pursue its appeal, and thereafter seek repayment from the appellees. It merely declined to rule on the effect of such action. Whatever rights the

government had as to such payment it still had after the trial court's order was entered. Moreover, it still has such rights.

We do not now, nor was the district court required to, pass on the questions that would arise if the government had actually made such payment. However, we do note that this Court has entered an order refusing to dismiss an appeal in the case of Carmichall v. United States, 5 Cir., 273 F.2d 392, which motion to dismiss was based on the contention that the government's payment into the registry of the court of the judgment destroyed its right of appeal.

We cannot hold that the trial court erred in refusing to enter the order requested.

The question as to the running of interest has not been decided by the trial court. It is not now before us and we do not pass on legal issues in such a vacuum.

Since it does not appear that the judgment of the trial court was an appealable order the appeal is Dismissed.