UNITED STATES of America, Appellant,

v.

Harold FEATHERSTON, Appellee.

No. 7403.

United States Court of Appeals Tenth Circuit.

Dec. 20, 1963.

S. Billingsley Hill, Attorney, Department of Justice (Ramsey Clark, Asst. Atty. Gen., Newell A. George, U. S. Atty., Clarence J. Malone, Asst. U. S. Atty., and Roger P. Marquis, Attorney, Department of Justice, on the brief), for appellant.

Harry T. Coffman, Lyndon, Kan. (W. W. Baldock and J. Stephen Jones, Lyndon, Kan., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The United States brought condemnation proceedings against the 585.87 acre Kansas farm of the appellee-defendant. Trial of the issue of just compensation was had before a condemnation commission of three members appointed under Rule 71A(h), F.R.Civ.P. The district court overruled objections of the United States and approved the award.

Appellee has moved to dismiss the appeal saying that the case is moot because, by the payment of the full amount of the award into the registry of the court, the United States has acquiesced in the judgment and ended the controversy.

At the filing of the declaration of taking the United States deposited $132,900 with the clerk. After the instant appeal had been perfected, the United States made an additional deposit of $17,637.55 which represents the difference between the original deposit and the award, plus interest. The clerk issued a receipt which says in part:

> "This check was deposited into the registry of the Court without prejudice to the Government's pending appeal."

The Kansas rule that acquiescence in a judgment bars appeal[1] does not control. The right to maintain the appeal is governed by federal law.[2]

The government deposited the deficiency to stop the running of interest,[3] and made the deposit with the intent not to prejudice the appeal. If the ultimate recovery is less than the amount deposited, the government can get the excess back from the clerk or, if it has been paid to the landowner, maintain a suit to recover it from him. This is not a situation like that presented in American Book Company v. The State of Kansas ex rel. Nichols, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613, where the order appealed from had been complied with and the controversy extinguished; nor is it like Little v. Bowers, 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016, where repayment or restitution could not be obtained in the event of a reversal. In Leader Clothing Company v. Fidelity and Casualty Company of New York, 10 Cir., 227 F.2d 574, 575–576, we recognized the principles stated in those two cases and held that the payment of a judgment does not bar an appeal therefrom when repayment may be enforced. The Leader rule applies here. If the government wants to stop interest and take the chance of repayment in the event of reversal, it may do so.[4] The motion to dismiss is not well taken.

---

1. Waters v. Garvin, 67 Kan. 855, 73 P. 902, 903.

2. Flegenheimer v. General Mills, Inc., 2 Cir., 191 F.2d 237, 238. Rule 71A(a), F.R.Civ.P., provides that the Rules of Civil Procedure for the United States District Courts govern condemnation matters except in instances not material here.

3. 40 U.S.C. § 258a provides for 6% interest on the amount of the final award from the date of taking to the date of payment, "but interest shall not be allowed on so much thereof as 'shall have been paid into the court."

4. See United States v. Cooper, 5 Cir., 277 F.2d 863, 864.

■ On the merits the argument of the government goes to the admissibility of certain evidence. A real estate expert testifying for the government was asked, on direct examination, the sale price of allegedly comparable property in partial explanation of the basis for his opinion of fair market value. The information of the expert was obtained from recorded deeds, copies of which were offered in evidence by the government, the revenue stamps on such deeds, and other sources. In Kansas, evidence of comparable sales is admissible only on cross-examination for the purpose of testing the knowledge and competency of the witness.[5] The commission, apparently relying on the Kansas rule, rejected the offered evidence. The government objected to the report and award because of the rejection of the evidence. The district court overruled the objections and approved the award.[6]

■ The landowner contends that Rule 43(a), F.R.Civ.P., requires the rejection of the evidence because the state law excludes it. The argument is not valid. Rule 43(a) is designed to favor the reception of all the evidence "which properly may be introduced in respect to the point in controversy."[7] This accords with "the modern trend in the law of evidence favoring a wide rule of admissibility."[8] Rule 43(a) is "a rule of admissibility, not a rule of exclusion";[9] and state exclusionary rules are not controlling in the federal courts.[10] Admissibility must be determined under federal law.

■ The owner of the condemned land is entitled to receive its fair market value. We have said that the "best evidence of such value is like and comparable sales within a reasonable time preceding the condemnation."[11] United States v. Johnson, 9 Cir., 285 F.2d 35, 40, points out that evidence of such sales may be admitted as substantive and direct proof of value or in support of the opinion of an expert to sustain the opinion on value to which the expert has testified.[12] In the case before us the evidence of comparable sales was offered, not in direct proof of value, but rather in partial justification of the expert's opinion on value.

Direct testimony of a real estate expert on comparable sales to bolster his opinion of value is generally objected to on the grounds of violation of the best evidence and the hearsay rules and on the fear that the admission of such evidence would lead the trial into collateral issues. Admissibility is urged because the best evidence of value is the prices at which comparable lands have recently been sold and the most objective facts which the expert can use to estimate what price would be agreed upon by hypothetical willing buyers and sellers are the prices on which actual buyers and sellers have acted in regard to comparable properties. Further, if an expert may not testify on direct examination as to the bases and reasons for his opinion the weight of that opinion is greatly reduced.[13]

■ Although the best evidence and hearsay rules are important, they should not be applied to prevent an expert

5. J. F. Luecke v. State Highway Commission, 186 Kan. 584, 352 P.2d 454, 458; Kansas City & T. Ry. Co. v. Vickroy, 46 Kan. 248, 26 P. 698, 699.

6. United States v. 585.87 Acres of Land, D.C., 210 F.Supp. 585.

7. Pierkowskie v. New York Life Ins. Co., 3 Cir., 147 F.2d 928, 933.

8. United States v. 25.406 Acres of Land, 4 Cir., 172 F.2d 990, 993, certiorari denied 337 U.S. 931, 69 S.Ct. 1496, 93 L. Ed. 1738.

9. 2B Barron & Holtzoff Federal Practice and Procedure § 961, p. 207.

10. 5 Moore's Federal Practice § 43.04, p. 1327.

11. Onego Corporation v. United States, 10 Cir., 295 F.2d 461, 463. See also United States v. Miller, 317 U.S. 369, 374–375, 63 S.Ct. 276, 87 L.Ed. 336.

12. See annotation in 85 A.L.R.2d 110.

13. See United States v. Cooper, 5 Cir., 277 F.2d 857, 860; United States v. 25.406 Acres of Land, 4 Cir., 172 F.2d 990, 993, certiorari denied 337 U.S. 931, 69 S.Ct. 1496, 93 L.Ed. 1738.

giving in a reasonable way the basis for his opinion.[14] The fear of trial prolongation by exploration of collateral issues does not impress us. Within reasonable bounds, the expert may testify to the facts upon which his opinion of value is based and the court in the exercise of its sound discretion can assure that the evidence does not go afield.

■■■■ H & H Supply Co. v. United States, 10 Cir., 194 F.2d 553, 556, holds that an expert may testify as to value although his conclusions are based on hearsay. In Harwell v. United States, 10 Cir., 316 F.2d 791, 793–794, we held that testimony of an expert on other comparable sales was admissible to show the basis, at least in part, on which the expert predicated his opinion of value. Other circuits agree.[15]

■■■■ The trial court held that although the evidence was admissible the commission did not abuse its discretion in refusing it. We recognize that evidence of comparable sales must relate to properties that are so similar as to furnish an adequate basis for comparison and that the expert is subject to cross-examination which may thoroughly test both the opinion and the facts upon which it rests. With these considerations in mind, a commission may exercise its sound discretion.[16] The trouble is that the commission in this case did not exercise any discretion. Instead, it held as a matter of law that the evidence was not admissible. On the record before us this mistake of law so permeated the hearing that, in our view, the error was prejudicial.

The motion to dismiss the appeal is denied; the judgment is reversed; and the case is remanded for a new trial. Fairness to the parties requires that on remand the issue of compensation should not be heard or determined by the same commission.

14. United States v. 5139.5 Acres of Land, 4 Cir., 200 F.2d 659, 662.

15. District of Columbia Redevelopment Land Agency v. 61 Parcels of Land, 98 U.S.App.D.C. 367, 235 F.2d 864, 866; United States v. 18.46 Acres of Land, 2 Cir., 312 F.2d 287, 288; United States v. 5139.5 Acres of Land, 4 Cir., 200 F. 2d 659, 662; International Paper Company v. United States, 5 Cir., 227 F.2d 201, 209; Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892, 894–895; United States v. Johnson, 9 Cir., 285 F.2d 35, 40–41. United States v. Katz, 1 Cir., 213 F.2d 799, 800, certiorari denied 348 U.S. 857, 75 S.Ct. 82, 99 L.Ed. 675, is said to be contra but has been distinguished by the Second Circuit in United States v. 18.46 Acres of Land, supra, 312 F.2d p. 289.

16. See United States v. Lowrie, 4 Cir., 246 F.2d 472, 474.