**UNITED STATES of America,**
**Appellant,**

v.

**45,131.44 ACRES OF LAND, MORE OR LESS, IN EL PASO, FREMONT AND PUEBLO COUNTIES, STATE OF COLORADO, Tracts Nos. 403 and 428, General Refractories Company and Pueblo Quarries, Inc., Appellees.**

**No. 524–70.**

United States Court of Appeals,
Tenth Circuit.

July 28, 1971.

George R. Hyde, Atty., Dept. of Justice, Washington, D. C. (Shiro Kashiwa, Asst. Atty. Gen., Edmund B. Clark, B. Richard Taylor, and Stanley Fineman, Attys., Dept. of Justice, with him on the brief), for appellant.

Walter A. Steele, Denver, Colo. (Kenney, Stevens, Clark & Semple, and Henry W. Fulton, Jr., Pittsburgh, Pa., and Winner, Berge, Martin & Clark, Denver, Colo., with him on the brief), for appellees.

Before HILL, SETH, and COFFIN,* Circuit Judges.

SETH, Circuit Judge.

This is an appeal by the government from a jury award in a condemnation case in the amount of $1,250,000.00. The government began condemnation proceedings to expand the Fort Carson Military Base near Colorado Springs, Colorado, and among other tracts took the fee to 592.71 acres of land owned in various interests by the defendants. The land at the time of taking was being actively mined for refractory clay, and a large deposit of such clay was on the land taken. The deposits had been core drilled, and the mining was to a point where the tonnage of clay remaining could be estimated. The parties agreed that the highest and best use of the property was for the removal of the clay.

The parties presented a number of expert witnesses who gave their opinions as to the value of the property taken. These figures ranged from $77,350.00 to $1,450,000.00. A variety of methods of arriving at the values was used by the witnesses. The trial court however did not permit testimony as to value based on an income or capitalization method.

The government on this appeal urges that the trial court was in error in not permitting a government expert witness to testify as to a valuation of the property based on the income or capitalization method. The witness had given his opinion of the value based on comparable sales. The trial court then ruled that the income method was not proper in this case, and the witness was not permitted to give his opinion based upon a capitalization computation from income. The trial court stated that there was no factual base in the evidence for computing the tonnage mined from the property in question and thus to determine the income; and further that the income method was not applicable to this mining property where the rate of mining could fluctuate in accordance with factors which had no relation to the value of the property.

The government urges that the income method was applicable to this mining property, and the witness should be allowed to explain the basis for his opinion as to value. The government cites cases on the matter of explanation by the witness, but there is no dispute as to that point, and the trial court permitted the witnesses to so explain. See, United States v. Featherston, 325 F.2d 539 (10th Cir.). The issue is instead whether under the circumstances here present the income or capitalization method could be used as a basis for computation of value. The trial court said it could not, and we affirm.

We said in Sill Corp. v. United States, 343 F.2d 411 (10th Cir.), that various methods and combinations may be used to demonstrate fair market values, citing United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, and United States v. Sowards, 339 F.2d 401 (10th Cir.). See also, United States v. Sowards, 370 F.2d 87 (10th Cir.), and United States v. Featherston, 325 F.2d 539 (10th Cir.). This is the standard, but it refers to methods which are applicable under the facts of the particular case, and does not hold that any or all methods may be used in every case. As the trial court indicated, the rate of mining the clay deposits here concerned, if it could have been established, was the

* Of the First Circuit, sitting by designation.

principal factor in the computation under the capitalization method. The rate could very well be determined by conditions which were unrelated to the optimum rate or could be controlled over any limited time in the productive life of the property by factors unrelated to the elements of value. Nothing had appeared in the evidence to show why the production from all plaintiffs' properties was at the level it was. This particular property in its production of income cannot be compared to income from agricultural land, or to property with income from buildings or other improvements, or to many other kinds of income property. The best use of the property was for mining, and computations of value had to be made on other than the income method because of the lack of relationship between production and value, and because the total production of clay from all the properties could not be allocated to the tract taken. We do not hold that the income or capitalization method may never be used for mining properties, but we do hold under the record before us that the trial court was correct in its ruling on the point.

The government urges that a witness for an interest owner used some elements of the income method in his valuation, but the record only indicates that reserves were discussed in a general way and the income method of valuation was not used by witnesses for the owners.

The government alludes to lack of experience of the landowners' appraisers and to deficiencies in their testimony. However, the cross-examination of these witnesses was extensive, and the government had adequate opportunity to argue to the jury all points including those relating to the weight of testimony. Some of these witnesses were employees or officers of the owners and their testimony was competent. United States v. Sowards, 370 F.2d 87 (10th Cir.); United States v. Silver Queen Mining Co., 285 F.2d 506 (10th Cir.). No objection is made on this appeal to the court's instructions. The jury apparently chose to accept the valuations placed on the property by the witnesses for the owners.

We find no error, and the case is affirmed.