**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**1,053.27 ACRES OF LAND IN OSAGE COUNTY, KANSAS (Tracts Nos. 109 and 118, Harold E. and Mary J. Tobler), Defendants-Appellees.**

No. 598–69.

United States Court of Appeals,
Tenth Circuit.

Aug. 27, 1971.

3. In the Regional Director's "Report on Objections to Election," he rejected the objection that the respondent deducted dues from the employees' checks during the pendency of the election, noting that the Machinists and respondent were "parties to a current collective bargaining agreement that has a dues checkoff clause." We do not agree with respondent's contention that this report was sufficient to grant interim effect to the previously invalidated contract. This order merely permitted the continuance of the past checkoff procedure and it would be wholly unreasonable to construe the Regional Director's action as a repudiation of the Board's previous decision with regard to the contract.

The fact that enforcement had not yet been granted by this court is immaterial, for a stay of the Board's order had neither been granted nor sought pending enforcement proceedings before this court. Section 10(g) of the Act provides: "The commencement of proceedings under subsection (e) and (f) of this section shall not, unless specifically ordered by the court, operate as a stay of the Board's order." Subsection (e) provides for proceedings to enforce the Board's order in the court of appeals and subsection (f) for a review of a final order of the Board in such court by an aggrieved party. *See also* N.L.R.B. v. Winn-Dixie Stores, Inc., 361 F.2d 512 (5th Cir.), cert. denied, 385 U.S. 935, 87 S.Ct. 295, 17 L.Ed.2d 215 (1966).

Raymond N. Zagone, Atty., Department of Justice, Washington, D. C. (Shiro Kashiwa, Asst. Atty. Gen., Robert J. Roth, U. S. Atty., Elmer Hoge, Asst. U. S. Atty., Topeka, Kan., and Gerald D. Secundy, Atty., Department of Justice, Washington, D. C., on the brief), for appellant.

William A. Collet, Kansas City, Mo. (Sloan R. Wilson, Kansas City, Mo., on the brief), for appellees.

Before LEWIS, Chief Judge, and JOHNSEN,* and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This is an appeal by the Government from a judgment adopting a Commission's report and award in a condemnation proceeding. The Government's essential objection on the appeal is to the Commission's limitation on the proof by the parties to four comparable sales for each side, and the resulting exclusion of proof of three additional sales offered by the Government. The Commission's ruling was in furtherance of an instruction of the Court to the Commission generally limiting such proof to three comparable sales, subject to modification by permission of the Commission. This restriction on the Government's proof is said to be error as a matter of law, and arbitrary and prejudicial.

The action was brought by the Government to condemn the fee interest of approximately 521 acres of land deemed necessary for the Melvern Dam and Reservoir Project. The District Court assigned the case to a Commission pursuant to Rule 71A(h), Fed.R.Civ.P. The instructions given to guide the Commissioners included the following provision:

"25. The court directs that a party may offer in evidence not more than three sales which it wishes the Commission to consider as a comparable sale unless permission is granted by the court or the Chairman of the Commission, prior to the hearing, to offer evidence of more than three sales." [1]

By pretrial stipulation it was agreed that the highest and best use of the

---

* Of the Eighth Circuit, sitting by designation.

1. In its Memorandum of Decision in this case the District Court stated the reasons for the adoption of Instruction Twenty-five. The Memorandum says that following the decision in United States v. Featherston, 325 F.2d 539 (10th Cir.), the Court discovered that the Government was demanding the right to use in direct testimony of its experts so many comparable sales that the Commissions were left in a quagmire of confusion; that the Court found it difficult to make a reasonable review of the record so cluttered with numerous allegedly comparable sales; that Goverment witnesses all but overwhelmed the Commission with an excessive number of comparable sales of doubtful verity in an effort to support their estimate of value; and that landowners were faced with such an expense in trial that they were in effect deprived of a fair opportunity to properly cross-examine the Government witnesses on so many sales. The Court stated that following *Featherston* teachings the Court concluded that three comparable sales meeting the test of comparability under the opinion would be amply sufficient for determining the soundness of the experts opinion. The Court added that:

"Provision was made for increasing the number of comparable sales to be offered as hearsay evidence if a

property was for general grain and live-stock farming, including dairying. It was further agreed that the property was composed of crop land, pasture, roads, rivers, ditches and a homesite. From the outset the Government requested the right to use six comparable sales as evidence of value, and this request was one of the matters on which the Commission was requested to rule.

Before the Commission hearing the Government renewed its request to use six comparable sales instead of three as indicated by the standard instructions to Commissioners. The Chairman of the Commission first assumed there was no objection and ordered that each party might submit evidence as to seven comparable sales.[2] However, in so doing his Order referred to the extreme difficulty for the Commission to follow evidence involving seven comparable sales and urged the attorneys to prepare exhibits and clear and understandable proof of such sales.

The appellees objected by letter to the Order, stating that it was incorrect that they had agreed with the Government on the offer of evidence on seven comparable sales; that the Court had only allowed five such sales in evidence in the past on motion; and that the Government request was not timely. The Commission thereupon limited each party to four comparable sales and permitted the Government to seek immediate review of its ruling by the Court, which was not done. Instead at trial before the Commission the Government again requested the right to offer evidence of six sales, which was denied. At the close of the hearing the Government made its offer of proof concerning the additional sales that would have been used, if the Commission had so permitted. See note 6, infra.

The Commissioners' report awarded compensation of $149,670. It summarized the proof and rejected one of the Government's sales on the ground that it was not comparable.[3] The Commission found that the Government witnesses had placed values of $105,000 and $109,000 on the subject property, and that the landowners' witnesses had valued it at $177,300 and $182,560. The Commission admitted and considered proof by the landowners of four comparable sales, which were discussed in the report. The Government objections to the report restated its position on the limitation of its proof, among other things. The District Court overruled all objections and adopted the Commission's report and this appeal followed.

The Government's basic argument is that the limitation on the number of comparable sales was error as a matter of law, and arbitrary and prejudicial. The Government argument runs that the restrictive instructions to the Commission go directly against a reasoned and liberal standard of admissibility that a court should not limit evidence " * * * until it becomes obvious that further testimony would be merely cumulative, hence of no probative value." Chapman v. United States, 169 F.2d 641 (10th Cir.), cert. denied, 335 U.S. 860, 69 S.Ct. 134, 93 L.Ed. 406. And the

---

party made application and demonstrated that other comparables of the kind and quality described above existed and were needed to establish that party's contentions."

2. The Government request covered one sale that was accomplished by two transactions ten days apart. It was for this reason that the Chairman provided for seven comparable sales being admitted in his original Order.

3. It was the Commission's finding that the sale tract Petty to Shroder was offered to support the Government witnesses principally on upland crop land. The property contained no improvements and except as to the upland crop land they did not consider the property comparable because of its size and use. It appears that the Commission acted properly in refusing to consider this sale. The reports of Government appraisers Schultz and Haden show little similarity between the sale tract and the subject tract and in direct testimony they admitted that it had very little comparability.

Government says there was no showing that the other market transactions were cumulative but that they were rejected without being considered by the Commission or the Court.[4]

■ As this Court has recognized, evidence of comparable sales may be admitted as substantive and direct proof of value or to sustain the opinion of an expert on value. United States v. Featherston, 325 F.2d 539, 542 (10th Cir.). In the *Featherston* case this Court held that the Commission had erred in excluding proof on comparable sales to show the basis of an expert's opinion, since " * * * the commission in this case did not exercise any discretion. Instead, it held as a matter of law that the evidence was not admissible." Id. at 543. The opinion recognized, however, that in determining the extent of proof of comparable sales " * * * the court in the exercise of its sound discretion can assure that the evidence does not go afield." Ibid.

■ We do not agree with the Government that the general instruction by the Court to the Commissioners referring to admission of not more than three sales was error as a matter of law. Instruction 25 provides a guideline of considering not more than three sales but it also recognizes discretion that the Court or the Chairman have to grant permission for proof of other sales, as discussed above. Therefore, we are satisfied that the instruction itself as a guideline is in harmony with the principles of United States v. Featherston. Such a limitation on proof may be reasonably applied with a sound exercise of discretion by the Commission Chairman or the Court, just as reasonable limitations may be placed on the number of expert witnesses permitted to testify on a particular subject. Ruud v. United States, 256 F.2d 460 (9th Cir.), cert. denied, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed. 2d 59; Chapman v. United States, 169 F.2d 641 (10th Cir.), cert. denied, 335 U.S. 860, 69 S.Ct. 134, 93 L.Ed. 406; Montrose Contracting Co. v. Westchester County, 94 F.2d 580 (2d Cir.), cert. denied, 304 U.S. 561, 58 S.Ct. 943, 82 L. Ed. 1529; American Stove Co. v. Cleveland Foundry Co., 158 F. 978 (6th Cir.); 6 Wigmore on Evidence § 1908 (3d ed. 1940); 2 Lewis Eminent Domain § 653 (3d ed. 1909); Annot., 5 A.L.R.3d 169, 181 (1966).

■ However, it does appear that the pretrial Order of the Commission denying the letter request of the Government to introduce more than four sales was made solely on consideration of the letter and without considering the comparability of the additional sales, as required by the *Featherston* opinion.[5] It

---

4. After referring expressly to its duty to follow United States v. Featherston, supra, the District Court's Memorandum, adopting the report and overruling the objections by the Government, stated in part as follows:

"To permit the record to be encumbered by more sales that are not in fact comparable would indeed be an abuse of discretion. Government's counsel injected into the record his insistence that some twenty sales could be shown by the witness to establish 'the pattern of the market.' It is on this ground that Goverment's counsel claims a right to show the numerous sales. There was nothing wrong wtih the witness considering twenty sales or even a hundred sales in forming his opinion, but there was no evidence that any of them were comparable."

5. We realize that Instruction 25 may have been reasonably interpreted by the Commission to call for a ruling as made, without considering any showing or the comparability of the particular additional sales sought to be offered. In fact, the record shows that the Government's letter request did not go into the particular additional sales to show their comparability, although it did assert generally that the Government desired to use six comparable sales and that three sales standing by themselves do not reflect an entire market picture for a complex farm. At the close of the hearing and out of the presence of the Commission the Government did make an offer of proof in the record, describing the three additional sales they would introduce and offering exhibits, all to show a pattern in the market and reasonable market value. The Court's Memorandum

requires that a sound discretion be exercised in determining the limitations that may be placed on the extent of proof to be offered, giving consideration to the principle " * * * that evidence of comparable sales must relate to properties that are so similar as to furnish an adequate basis for comparison * * * " United States v. Featherston, supra 325 F.2d at 543. We feel, nevertheless, that no prejudice resulted to the Government. The District Court had before it the transcript, including the offer of proof by the Government made out of the presence of the Commissioners at the end of the hearing. On consideration of that proof, the Commission's report and the Government's objections, the Court observed that "To permit the record to be encumbered by

more sales that are not in fact comparable would indeed be an abuse of discretion." See note 4, supra. By so doing the Court gave consideration to the Government position in the light of the principles of the *Featherston* case, and we are satisfied that there was a reasonable basis for the Court's conclusion that there was no evidence that the additional sales were comparable.[6]

Therefore, we conclude that the Government has not shown that the exclusion of proof offered by it was arbitrary or prejudicial and are convinced instead that there was a reasonable basis for the overruling of the Government's objections and the adoption of the report by the judgment.

Affirmed.

---

of Decision refers to examination of the entire record of the hearing and the exhibits, which included the Government's offer of proof, and overruled the Government's objections to the restriction on its proof.

Instruction 25 does not prevent a consideration by the Chairman or the Court of the comparability of additional sales when permission to show more than three is offered. In fact, the Court's Memorandum in this case states that it was intended that with an application for permission to show other comparables, the party would demonstrate that other comparables of the kind and quality described existed and were needed to establish that party's contentions. See note 1, supra. Therefore, we cannot agree that the Instruction is *per se* in conflict with our *Featherston* opinion or arbitrary, since it may be applied to permit the exercise of discretion based on a showing of comparability.

6. The Government's offer of proof consisted of its Exhibits 29 and 30.

There were some 34 sales referred to with a sales comparison summary and a copy of additional testimony on the three sales that the Government sought to prove beyond those it was allowed to introduce.

The first sale tract differed from the subject tract in that it was smaller in size, all bottom and mostly crop farm, had superior access and was located nearer to a larger town, it was unimproved, had no pasture or upland crop, was in two parts a quarter mile apart, and differed generally in topography.

The second sale tract differed from the subject tract in that it was smaller in size, contained no bottom cropland, had limited buildings and upland crop land, no river or woods. It did have a railroad joining the north line, superior fences and location, and no drainage problems.

The last sale tract differed in that it was upland only, smaller in size, the improvements were not as good, it had no bottom crop, and limited domestic water.

We are convinced the District Court reasonably concluded that there was not a sufficient showing of comparability, and that there was no prejudicial error in rejection of the Government's additional proof by which it sought to show a "market pattern." The Court's conclusion was properly based on the rule " * * * that evidence of comparable sales must relate to properties that are so similar as to furnish an adequate basis for comparison * * * " United States v. Featherston, supra at 543.