**UNITED STATES of America, Appellee-Cross-Appellant,**

v.

**3,317.39 ACRES OF LAND, MORE OR LESS, IN JEFFERSON COUNTY, AR-KANSAS, et al., Appellant-Cross-Appellee.**

**Nos. 72–1419, 72–1506.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1973.

Decided May 7, 1973.

---

James T. Gooch, Arkadelphia, Ark., for appellant.

Larry G. Gutterridge, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by condemnee Ark-Mo Farms, Incorporated (Ark-Mo) [1] from final judgment of the District Court entered June 16, 1972, ordering Ark-Mo to refund to the Government by way of restitution $736,891.45 with interest thereon at 6% per annum from June 16, 1972.

The basic facts are set out in a prior appeal to this court. United States v. 3,317.39 Acres, 443 F.2d 104 (8th Cir. 1971). Upon that appeal we reversed an award of $976,071.00 for just compensation and remanded for a new trial.

Pertinent facts relevant to this appeal will be briefly summarized. The Government on December 9, 1966, filed a declaration of taking and in connection therewith deposited estimated just compensation of $110,000.00 which was paid to Ark-Mo pursuant to court order. After the jury award involved in the prior appeal, the Government on April 23, 1970, deposited in the registry of the court $866,071.00, being the difference between the jury award and the $110,000.00 deposit, together with interest thereon from the date of taking in the amount of $175,254.81, the total of the deposit being $1,041,325.81.

On May 11, 1970, the Government voluntarily obtained an order for distribution of the $1,041,325.81 deposit to Ark-Mo for the purpose of stopping interest on the award, and on the same day filed notice of appeal from the award. Payment of such sum was made to and accepted by Ark-Mo. The Government made no effort to stay the judgment pending appeal. There is no evidence that the Government intended to make the payment as a final settlement of Ark-Mo's claim or that the Government intended to abandon the appeal.

On February 22, 1972, subsequent to the reversal of the first jury award, the Government filed a motion to require Ark-Mo to repay the Government the $1,041,325.81 it had received plus interest thereon at 6% per annum from the date of deposit. Ark-Mo filed a resistance to the motion stating that the Government had by its $1,041,325.81 payment satisfied the judgment, and alternately that if the judgment was not satisfied, the court could not enter a

---

* Sitting by designation.

1. Other parties were made defendants in the condemnation proceedings. The trial court has determined that Ark-Mo is the only party entitled to fair compensation for the taking of the land involved in this case and Ark-Mo is the party who received the payment for which restitution is sought.

judgment against the landowner as no final judgment for the award of just compensation had been entered, and that under Rule of Civil Procedure 71A(j), no recovery could be had for overpayment prior to final judgment.

The trial court on May 10, 1972, filed an order requiring Ark-Mo to pay into the registry of the court $1,041,325.81 with interest at 6% from January 28, 1972 (the date of our mandate on the prior appeal). An appeal was taken from such judgment but the appeal has not been pursued, doubtless for the reason that such judgment does not constitute a final judgment as the issue of just compensation had not then been determined.

The retrial which we had ordered on the just compensation issue was expedited and resulted in a jury award of just compensation in the amount of $378,000.00 on June 7, 1972. Thereafter on June 16, 1972, the court entered a final order reading in pertinent part:

"The defendant landowner not having complied with the order of the Court and redeposited the sum improvidently and erroneously deposited by the government pursuant to the previous jury trial and judgment, the government is entitled to a judgment against the landowner for said sum, less the sum due the landowner as a result of a jury trial and verdict June 7, 1972.

"It therefore appears to the Court that the United States is indebted to the defendant landowner, Ark-Mo Farms, Inc., in the principal sum of $268,000.00 [The $378,000.00 jury award less $110,000.00 just compensation deposit received by landowner.] plus interest at the rate of 6% per annum from December 9, 1966, to April 23, 1970, and interest on said sum ($268,000.00) from January 28, 1972, until the date of this judgment. It further appears to the Court that the landowner, Ark-Mo Farms, Inc., is indebted to the United States in the sum of $1,041,325.81, together with interest at the rate of 6% per annum from January 28, 1972, until the date of this judgment.

"It Is Therefore Ordered, Adjudged and Decreed that the United States have judgment against the defendant landowner, Ark-Mo Farms, Inc., in the sum of $736,891.45, plus 6% interest per annum from the date of this judgment until the date said sum is deposited with the Clerk of the Court."

On motion of Ark-Mo the judgment was stayed pending appeal under Rule 8, FRAP, conditioned on filing a bond of $50,000, which bond was filed and approved.

The issues raised by Ark-Mo on this appeal are:

1. The court erred in not holding that the payment of the $1,041,325.81 deposited in the registry of the court and paid Ark-Mo pursuant to court order constitutes a satisfaction of the judgment which renders this appeal moot.

2. The court erred in awarding interest on the overpayment from the date of our mandate on the former appeal rather than from the date of the June 16, 1972, final order.[2]

■ Our examination of the record satisfies us that the court committed no error in determining that the payment of the $1,041,325.81 under the circumstances hereinabove related did not constitute a satisfaction of the judgment which renders the appeal moot.

In rejecting a similar contention, Judge Breitenstein speaking for the

2. The Government asserts that it has cross-appealed from the trial court's order staying execution of the judgment pending appeal. We find no notice of appeal by the Government in the appendix nor is there any notation thereof in the docket entries incorporated in the appendix. In the absence of such notice of appeal, we lack jurisdiction to consider the Government's contention. In any event, we are not disposed at this late date to determine that the court abused its discretion by granting the stay.

Tenth Circuit in United States v. Featherston, 325 F.2d 539, 541 (10th Cir. 1963), states:

"The government deposited the deficiency to stop the running of interest, and made the deposit with the intent not to prejudice the appeal. If the ultimate recovery is less than the amount deposited, the government can get the excess back from the clerk or, if it has been paid to the landowner, maintain a suit to recover it from him. . . . If the government wants to stop interest and take the chance of repayment in the event of reversal, it may do so. The motion to dismiss is not well taken."

See United States v. Miller, 317 U.S. 369, 380-382, 63 S.Ct. 276, 87 L.Ed. 336 (1943); United States v. Cooper, 277 F.2d 863, 864 (5th Cir. 1960); United States v. Hirsch, 206 F.2d 289 (2nd Cir. 1953).

In Restatement, Restitution § 74, the applicable law is thus stated:

"A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

In our present case there is no evidence that the Government entered into any contract to abandon its appeal or that it had any intention so to do. The purpose of the deposit it made was to stop interest. Ark-Mo was in no way misled by the Government into believing that the Government would not pursue its appeal. Moreover, Ark-Mo did not raise the satisfaction issue on the prior appeal to this court and hence is bound by our judgment of reversal. The court properly ordered restitution to the Government of the overpayment received by Ark-Mo.

The court in its computation of the amount to be repaid to the Government computed interest on the overpayment from January 28, 1972, the date of our mandate reversing the judgment on the prior appeal. The Government urges interest on the overpayment should run from the date of the deposit by the Government. Ark-Mo contends the interest should run only from the date of the final judgment, to wit, June 16, 1972. We find no basis for the trial court's choice of the date of our mandate as the date from which interest should run. The Government makes a reasonable argument in support of its contention that interest should run from the time it made the deposit, or at least from the time that Ark-Mo received the deposit pursuant to the court order. However, we have in three recent cases resolved this issue against the Government, holding that interest should run only from the date of the final judgment on the just compensation issue. United States v. 421.89 Acres, 465 F.2d 336, 340 (8th Cir. 1972); United States v. 339.77 Acres, 420 F.2d 324, 328 (8th Cir. 1970); Sykes v. United States, 392 F.2d 735, 739, n. 2 (8th Cir. 1968); see United States v. Miller, 317 U.S. 369, 382, n. 28, 63 S.Ct. 276, 87 L.Ed. 336 (1943).

■ We are not persuaded that we should depart from the position taken in the cases just cited which hold that interest on the amount to be paid by way of restitution should be computed only from the date of the final judgment.

■ The judgment appealed from is affirmed on the restitution issue. On the interest issue, the judgment is modified to provide for interest only from June 16, 1972, the date of the final judgment determining just compensation (not from the date of our mandate on prior appeal) on the difference between the total amount paid into the registry of the court by the Government and received by Ark-Mo and the $378,000.00 finally determined as the amount of just compensation due to Ark-Mo, plus allow-

able interest. The judgment as to interest as modified is affirmed.

The case is remanded to the trial court for computation of the amount of restitution due consistent with the views expressed in this opinion.