**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**25.02 ACRES OF LAND, MORE OR LESS, situate IN DOUGLAS COUNTY, STATE OF COLORADO, and Chez Ami Lounge, Inc., a Colorado corporation, et al., and unknown owners, Defendants-Appellants.**

No. 73-1702.

United States Court of Appeals,
Tenth Circuit.

April 29, 1974.

Peter R. Steenland, Dept. of Justice, Washington, D. C. (Wallace H. Johnson, Asst. Atty. Gen., Washington, D. C., James L. Treece, U. S. Atty., Denver, Colo., Edmund B. Clark, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Bruce D. Pringle, Denver, Colo., for appellants.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

John K. Tomlin and Cline E. Worthman appeal from a judgment entered April 19, 1973, upon a jury verdict awarding them $13,500.00 representing the value of some 1.91 acres of unimproved land (Tract 209) situate in Douglas County, Colorado, in a condemnation suit brought by the United States.

The sole issue presented is whether the Trial Court erred in quashing that portion of appellants' subpoena duces tecum which sought from the Government's expert appraisal witness, Fermor T. Black, the production of all appraisal reports which he had prepared for the use of *other private owners of property in the vicinity of the subject property* between the years 1964 and 1969.

Black testified that the highest and best use of Tract 209 on the date of taking was for a service type business such as a greenhouse or construction yard. He testified to some *nine sales of comparable properties* which he relied on in support of his opinion that the fair market value of the tract was, at date of taking, $10,500.00. Appellants' expert appraisal witness, Carl Gunther, testified that the highest and best use of Tract 209 at the date of taking was for business purposes such as a gas station or restaurant site. He testified concerning *four sales of comparable properties* which he relied on in rendering his opinion that the fair market value of the tract was, at date of taking, $37,000.00.

Appellants contend that the Trial Court erred in quashing the aforementioned portion of the subpoena duces tecum in that such discovery is specifically contemplated under Rules 26 and 45(b), Fed.R.Civ.P., 28 U.S.C.A., and can only be quashed or modified by the court if it is "unreasonable and oppressive" and, further, that the burden is upon the party moving to quash, citing Goodman v. United States, 369 F.2d 166 (9th Cir. 1966); Westinghouse Electric Corporation v. City of Burlington, Vermont, 122 U.S.App.D.C. 65, 351 F.2d 762 (1965), and 9 Wright & Miller, Federal Practice and Procedure: Civil § 2457 (1973 P.P.)

The appellants allege, specifically, that the Court erred in quashing that portion of the subpoena directing Black to bring to court all appraisals he had made for private property owners between the above dates "in the area bordered on the north by Coal Mine Road, on the east by U.S. 85, on the west by Platte Canyon road and on the south by Titan Road." The Government moved to quash the subpoena or for a protective order. The Court ordered that defendants-appellants be provided with the appraisal reports Black prepared *for the use of the Government* relating to lands in the Chat-

field Dam Project. That portion of the subpoena was apparently complied with. The Court denied production of the appraisal reports prepared by Black for use of private property owners in the area of the lands subject to condemnation in that they involved the "question of propriety." The appellants argue that these reports were essential to possible impeachment of Black. Black had made about 10 appraisals of property in the area for the Government and some 15 to 20 appraisals for private parties.

The Government responds that the subpoena was properly quashed in that it is clearly in conflict with Rule 34, Fed.R.Civ.P., 28 U.S.C.A., which provides, inter alia, that upon motion a party may obtain an order requiring *any party* to produce and permit inspection and copying of any designated documents or tangible things which constitute or contain evidence relating to any of the matters within the scope of discovery permitted by Rule 26(b), Fed.R. Civ.P., 28 U.S.C.A. The Government argues that the appraisal reports prepared by Black for other landowners are the property of those landowners who, of course, are not parties to the subject litigation and that the proper procedure which the appellants should have pursued *to test their right* to obtain the appraisals is by an independent action against the non-party private landowners, explicit in Rule 34(c), *supra*. It provides that the rule does not preclude an independent action against a person not a party for production of documents, etc.

## I.

■ The major factors to be considered in determining the market value of real estate in condemnation proceedings are: (a) a view of the premises and their surroundings; (b) a description of the physical characteristics of the property and its situation in relation to points of importance in the neighborhood; (c) the price at which the land was bought, if sufficiently recent to throw light on present value; (d) the price at which similar neighboring land has sold at about the time of the taking; (e) the opinion of competent experts; (f) a consideration of the uses for which the land is adapted and for which it is available; (g) the cost of the improvements if they are such as to increase the value of the land; and (h) the net income from the land, if the property is devoted to one of the uses to which it could be most advantageously and profitably applied. 4 Nichols on Eminent Domain, § 12.31[2].

■■ We have consistently held that in determining the fair market value of real property in condemnation, i. e., that which an owner willing, but not compelled to sell, will take, and what a buyer willing, but not compelled to buy, will give for such property [Onego Corporation v. United States, 295 F.2d 461 (10th Cir. 1961); United States v. Silver Queen Mining Company, 285 F.2d 506 (10th Cir. 1960)], that the *best evidence is found in sales of comparable property within a reasonable time before the taking*. United States v. 45,131.44 Acres of Land, More or Less, In El Paso, Fremont and Pueblo Counties, State of Colorado, 483 F.2d 569 (10th Cir. 1973); United States v. 1,053.27 Acres of Land in Osage County, Kansas, 446 F.2d 1234 (10th Cir. 1971); United States v. Sowards, 370 F.2d 87 (10th Cir. 1966); United States v. Featherston, 325 F.2d 539 (10th Cir. 1963). We have also held that while the *best evidence* of market value is found in sales of comparable property, the determination is not limited to that consideration and other substantial facts and circumstances may have probative value meeting the general criteria cited in 4 Nichols on Eminent Domain, § 12.31[2], *supra*. See United States v. 45,131.44 Acres of Land, *supra*; United States v. Sowards, *supra*; Wilson v. United States, 350 F.2d 901 (10th Cir. 1965); United States v. Featherston, *supra*.

## II.

■ The burden rests upon the owner to establish by competent evidence his

right to substantial compensation. United States v. Sowards, *supra*; Wilson v. United States, *supra*; 5 Nichols on Eminent Domain, § 18.5.

In United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), the Supreme Court said:

> Where, for any reason, property has no market resort must be had to other data to ascertain its value; and, even in the ordinary case, assessment of market value involves the use of assumptions, which make it unlikely that the appraisal will reflect true value with nicety. It is usually said that market value is what a willing buyer would pay in cash to a willing seller. Where the property taken, and that in its vicinity, has not in fact been sold within recent times, or in significant amounts, the application of this concept involves, at best, a guess by informed persons.

317 U.S. at 374–375, 63 S.Ct. at 280.

In some jurisdictions where evidence of comparable sales is considered the best evidence in determining the value of the land condemned, still the rule is that evidence of the sale of a parcel of land subject to condemnation to the proposed condemnor or to another potential condemnor may not be admitted in evidence. Transwestern Pipeline Company v. O'Brien, 418 F.2d 15 (5th Cir. 1969); Slattery Company v. United States, 231 F.2d 37 (5th Cir. 1956); United States v. Foster, 131 F.2d 3 (8th Cir. 1942), cert. denied 318 U.S. 767, 63 S.Ct. 760, 87 L.Ed. 1138 (1942); United States ex rel. Tennessee Valley Authority v. Reynolds, 115 F.2d 294 (5th Cir. 1940); 85 A.L.R.2d 110 § 10. We have frowned upon the admission of such evidence and have advised that great caution must be exercised in those instances that such evidence is admitted. 6816.5 Acres of Land, More or Less, In Rio Arriba County, State of New Mexico v. United States, 411 F.2d 834 (10th Cir. 1969). We are cognizant, however, of those decisions which hold that the mere possi-

bility of prejudice cannot be determined through use of a general exclusionary rule prior to trial. United States v. 691.81 Acres of Land, More or Less, Situate in Clark County, State of Ohio, 443 F.2d 461 (6th Cir. 1971); United States v. 63.04, Acres of Land, Lido Beach, Town of Hempstead, County of Nassau, State of New York, 245 F.2d 140 (2nd Cir. 1957).

### III.

Courts have historically, in appropriate circumstances, protected materials that are primarily of an impeaching character or which involve the interests of privacy to the extent that an extra measure of protection is required. Such cases simply illustrate the many situations not capable of governance by precise rule, in which courts must exercise judgment. The Trial Court recognized the applicability of these principles in ruling to quash by insisting that "collateral issues" not become involved in the case and in observing that the non-party private landowners for whom Black prepared appraisals have a "proprietary" interest in them. Appellants recognize the risk of prejudice to these private landowners, but attempt to avoid the issue by contending that if any prejudice existed it came about by reason of the fact that Mr. Black chose to create a potential conflict of interest by appraising for both the condemnor and the condemnees on the same project.

### IV.

The Trial Court is allowed wide discretion in passing on matters relating to expert testimony in condemnation cases. Montana Railway Company v. Warren, 137 U.S. 348, 11 S.Ct. 96, 34 L.Ed. 681 (1890); 6816.5 Acres of Land v. United States, *supra*; United States v. Featherston, *supra*. And while the scope of cross-examination of experts who have testified to value in land condemnation cases is very broad, the federal rule is that cross-examination must be limited to the subject matter of

the direct examination, which in turn should be confined to the value of the land taken. Dicker v. United States, 122 U.S.App.D.C. 158, 352 F.2d 455 (1965), cert. denied 383 U.S. 936, 86 S.Ct. 1067, 15 L.Ed.2d 853 (1966); United States v. Johnson, 285 F.2d 35 (9th Cir. 1960); Wegman v. United States, 272 F.2d 31 (8th Cir. 1959); Union Electric Light & Power Co. v. Snyder Estate Co., 65 F.2d 297 (8th Cir. 1933). The scope and extent of cross-examination rests in the sound discretion of the trial court and is not subject to exception unless wholly arbitrary, unreasonable and abusive, and the examination need not be extended to permit interrogation about collateral, immaterial or irrelevant matters. Glasser v. United States, 315 U.S. 60, 62 S. Ct. 457, 86 L.Ed. 680 (1942); 6816.5 Acres of Land v. United States, *supra*; United States v. Certain Parcels of Land in City of Philadelphia, Pa., 145 F.2d 374, 159 A.L.R. 1 (3rd Cir. 1944); Maryland Casualty Co. v. Dunlap, 68 F. 2d 289 (1st Cir. 1933); Thus, in *6816.5 Acres of Land, supra,* we noted that while there is some authority for allowing the cross-examination of the expert as to his appraisal of neighboring property, the chances of confusing the jury and needlessly lengthening the trial are such that the Court is allowed wide latitude in controlling the extent of the inquiry. Examination with reference to collateral matters rests largely within the discretion of the trial court and its ruling will not be disputed in the absence of a clear abuse of discretion. Grain Dealers Mutual Insurance Company v. Farmers Union Cooperative Elevator and Shipping Association, Kirwin, Kansas, 377 F.2d 672 (10th Cir. 1967).

We held in Norman v. Young, 422 F. 2d 470 (10th Cir. 1970), that a party moving for an order requiring production of documents *from another party* under Rule 34, *supra,* is charged with establishing that the desired documents, etc., designated in the motion for production are in the possession, custody or control of the party to whom the motion is directed, and that a "party may not be compelled to produce papers or things which are not in his possession, custody, or control, or the possession, control, or existence of which the party denies under oath." 422 F.2d at 472, 473. Rule 34, *supra,* was revised effective July 1, 1970. The notes of the Advisory Committee on Rules state that Rule 34, as revised, continues to apply *only to parties,* observing that while the ideal solution is to provide for discovery against persons not parties in Rule 34, both the jurisdictional and procedural problems are very complex and, for the present, the rule (Subdivision c) makes it clear that an independent action for discovery against persons not parties is not precluded.

The Trial Court relied in part on Rule 34, *supra,* when the Government's motion to quash was denied insofar as it related to Black's appraisals of other properties within the project area made for and at the request of the Government. Such appraisal reports fit within the literal disclosure requirements of Rule 34, *supra.*

We hold that there is no merit in the appellants' reliance on Rules 26 and 45(b), Fed.R.Civ.P., 28 U.S.C.A., in support of their contention that the Court erred in quashing that portion of the subpoena directing Black to produce those appraisals he undertook prior to trial *for private parties* who own land in the project area vicinity.

Appellants direct us to the Advisory Committee Notes to the 1970 Amendment to Rule 26 which express a purposeful rearrangement of the discovery rules in such a manner as to establish Rule 26 as one governing *discovery in general.* They failed to state, however, that the 1970 Amendments transferred from Rule 30(b) to Rule 26(c) the provisos conferring *on the trial courts broad powers to regulate or prevent discovery even though the materials sought are within the scope of Rule 26(b), and that these powers have always been free-*

*ly exercised.* Appellants attempt to further buttress their contention of error by reference to Rule 45(b), Fed.R.Civ.P., 28 U.S.C.A., which provides that the court may quash or modify a subpoena duces tecum only if it is "unreasonable and oppressive", and that the burden of proof is upon the party seeking to quash.

■ We hold, however, that the rule of reason favors the discretion exercised by the trial court in view of the fact that disclosure of appraisal values obtained by private owners whose property has not yet been condemned could work to the prejudice of substantial rights of those private owners. Courts have recognized that forced sales—in condemnation proceedings—often involve compulsion, coercion or compromise and that a condemning party might be willing to give more than the property is worth, and the owner might be willing to take less than it is worth rather than undergo a lawsuit. Should parties owning lands in the project area who obtained independent appraisal reports from Black reject the Government's settlement offer and opt for trial, disclosure in the instant case could be prejudicial to their rights.

By analogy, we note that just as a mere offer to buy or sell property is not a measure of the market value of a similar property [United States v. Regents of New Mexico School of Mines, 185 F. 2d 389 (10th Cir. 1950)], so, too, a written contract for the sale of adjacent land has been *held inadmissible, if the sale did not take place,* Crystal Lake Park Dist. v. Consumers' Co., 313 Ill. 395, 145 N.E. 215 (1924); Ottawa, O.C. & C.G.R. Co. v. Adolph, 41 Kan. 600, 21 P. 643 (1889).

We hold that the Trial Court did not abuse its discretion in denying appellants discovery of the appraisals rendered by Black on behalf of private parties owning land within the vicinity of the project area who are not parties to the instant litigation.

Affirmed.